FILED
2021 Jun-29 AM 11:24
U.S. DISTRICT COURT
N.D. OF ALABAMA

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF ALABAMA

NORTHEASTERN DIVISION

WILLIAM O. CAMPBELL,

PLAINTIFF,


_VERSUS

FRANK WILLIAMS,

NURSE BRANDY BULLOCK

Dr. Bates, Colbert County Jail

Quality Correctional Health Care

Doris PickertonCaptain Higginbaugh &  Chief II Set-
liftParties ¶ 1-6 Second amended Complaint Pg's.1-19 fully incorporated herein

----------------------------------------------------------------


ccase no. 3:19-cv-00559-MHH-SGC

OBJECTIONS TO MAGISTRATE

REPORT AND RECOMENDATION

"I":    6.18 approximately year 2021 of June,Plaintiff a prisoner

receive Doc.# 18-1:    assigned to limestone correctional facility,

Access to Law Library ,assistance to answer said Doc. within 14

daty's of 06/10/2021 pg's 1-21 herein,.Courts hold a pro se plead-

ings to a less stringent standard than a pleading drafted by an

attorney ,or the Magistrates professional art of litigation attempt-

ing to cover up the fact's and mislead the court , and  this Hon-

orable court construes it liberally.See Jones v.Fla.Parole Comm.

787 F.3d 1105,1107 (11th cir.2015).

Contrary tips, to the Magistrates Report and Recomendations

that raise a right to relief above the speculative level. Saunders

v.  Duke 766 F.3d 1262,1266 (11th cir.2014(internal quotation marks

omitted).

21 June 2021 Plaintiff herein  established  and presents his

objection to saying recomendation hereto.

II.Proc edural Historty

11 27 2019 plaintiff filed an second  amended complaint,naming

original complaimt defendant's "Frank Williams,Colbert County,Alabama;

Colbert County Commission;Jailer Mike,Jailer Marcus,Chief Setlift,

Captain Higgenbaugh;Colbert County Medical Supplier;Nurse Darce,Brandy

Bullock,John doe,M.D.,and Atorney John McKvey. William Oneal Campbell,[HEREINA

HEREINAFTER "CAMPBFLL] Campbell seeks declaratoru,injunctive,and monetary

reliefCampbell invoked 42 U.S.C.§ 1983 pg.-2- second amended complaint,

28 U.S.C.§ 1331,1343(A)(3) and 1343(A)(4);(4);;18 U.S.C.§§ 241;242;245

and the UNITED STATES CONSTITUTION. "PG._#_ (Amended Complaint,[hereinafter

(A.Compl.                              --1-

"Ala.Code's 1975   §§ 12-14,11-12-15(A(, 11-14-10,11-14-20,11-16-28,
14-6-81,14-6 81,14-6-96,14,6-105;  ¶'s 1:2 Colbert County ;Defendant
3:Frank Williams  Sheriff of Colbert County Jail⅟ Ala.Code §§ 11-14-
21,11-16-29,11-6-1,14-6 4,14-6-8,14-6-17,14-6-19,14-6-21,14-6-40,

14-6-94,14-6-95,14-6-96,14-6-97 (1975).-4- "Keeper of jail Colbert
County Mr.Mike and Marcus(Marcus Rutland FXhibit A Affidavit Case
No.3:19-cv-00354-LSC-SGC  pg.1-8 thrue pg.8 of 8 incorporated herein)
Jail Administrator Marcus ,[SIC] Michael Williams ,Doc.25 Filed
12/18/19 Case Id. (Doc.26 ACKNOWLEDGMENT AND WAIVER OF SERVICE
OF DEFENDANTS WILLIAMS,"MIKE, AND MARCUS Id.)Mike also discriminated
against Campbell and further told inmates about William C.Campbells
charges and Campbell suffererd physical threats,treatmewnts and
abuse from other prisoner's,could not be placed in any cell without
being abused,his life threatened and attacked thereby inmates,
as these officer's acted under color and in/with the authority
of state law.

¶¶ 4.A.Compl.Colbert County Med.Supplier,C.v.Pro.15.c (Summons
complaint Quality Correctional Healthcare 200 Narrows Parkway,Suit
A Birmingham Al 35242 Summon complaint 9th  evening July that he
de½posits the above m9tice,summons on Quality Correctional Healthcare
   as alleged at ¶ 4 pg.4 second amended complaint•;

        ¶5:The Sheriff,denying,failoure to receive,investigate
report of Plaintiff Campbell uncle burning house,officer's and
3 investigators and are also responsible for loss,theft by  deceptoon
and the return of 23,000.00.

   6:    John McKvey was plaintiff' atorney,counsel of record respon-
sible for the representation,protection of his constitutional and
civil rights,equal protections,access to law and authorities,pro-
tections from illegal actions of County and state officials,pro-
tections from the law enforcement as  he Campbell was pretrial
detainee

"Dorsey V.Wallace 134 F.Supp.2d 1364 £11th cir.2000·:Marsh v. Butler

225 F.3d 1243 £11th cir.2000·:CôtingLeather -v.Tarrant County Narc.Intel.‹

*">>*& 507 U.S.163,168,113 S.ct. 1160,122 L.ed.2d 517:Boston v.

Lafayette County 743 F.,Supp.462 (5th cir.90)Desroche v.Shain 507

F.Supp.2d 571 (5th cir.2007):Beathelot v.Jefferson parrish Cor.Ctr.1995

U.S.Dist.Lex.9409 (5th cir.95):Public official's vioilates Federal

statutory or constitutional right,Scott,U.S.at,127 S.Ct. at 1774,

second,if so, that right was clearly established at the time of

the officials derogated the plaintiff's rightr, According to the

11th circuit said,therefore, Saucer 533 U.S.at 202,Scott U.S.at

127 S.Ct. at 1774,Kelly v.Owens 2008 U.S.Diost.Lexis 7774 (11th

cir.2008):Hope v. pe;lzer 536 U.S.730,739,122 S.Ct. 2508,153 L.ed.2d

666 (2004):.See Valencia v.Wiggins 981 F.2d 1440,1445 (5th cir.)

Ceert.den.,509 U.S.905,113 (--pg.-5- Am.Compl.) --S.ct 2998,125

L.ed.2d 691 (1993):As County Jail denied Campbell complaints,requests

for medical attention/care complaintrs reporting such requests,

misconduct ss, misconduct,Campbell was at the hands of government

State official}s acting under color of law.Campbell seel's compensatory

and punitive damages against all these violator's references and

given notice from his inadequate ability to be provided with the

access required and entitled to address said complaint's,and defendant's,

Defense attorney's action's, inactions envokes the above statutes

and 42 U.S.C.  §§ 1985.Jackson v.Cox (1976) CA5 Tex.540 F.2d 209;Griffin

v.Breckenridge made §§ 1985 applicable3 to private actions but

stressed that the statute wasd not intended to eeach all tortious,conspira

conspiriratorial interferences with the rights of others.18 U.S.C.§§

241-242,245 , with/also 403 U.S.88,101,91 S Ct 1790,1798,29 L.ed.2d

3389  (1971)4 1983(3) was designed to prevent deprivation of equal

protection of the laws and equal privileges and immunities.§ 1985£3·.

The-cx                              -3-

defendants had denied his due process of law under the 14th
Amendment due Process Clause the United States Constitutition
thereto in violation of 42 U.S.C.§ 1983,1985. The Defendant's
denied Campbell Due Process rights under the 5th,6th,14th Amendments
U.S.Const,thereto infringed the rights under 42 U.S.C.§ 1985.
Plaintiff's claims are not due to be dismissed against the list
of defendant's.Claims are not frivolous,malicious and defendant's
are not immune from damages, or monetary , and state's a claim
upon which relief can be granted. The Magistrate clearly errs,misunderstan
ding the clearly established law's,complaint's, the eleventh
Circuit court of appeals, precedent's holding, or recommendinding
Campbell's fact's and law do not provide and established required
relief,his diligent attempt's to get medical attention,to report
the violation's Campbell attempted to bring to the attention
of the responsible jail ,judicial official's to report said
violation's, and to be given relief,all record,complaint's
adopted,incorporated herein for and by reference ,and considering
pg's 3 II.Procedural History -thrue -4 Mag.Rec, thrue -4 thrue
pg's,.6 Factual allegations "Jailer 'Heith Hawkem  the Magistrate
establishes was not named in this lawsuit , who-told Campbell
to 'quit being a baby,[and] just lay down." The Magistrate
admits Campbell alleges he thereafter had a heartattack and
stroke,,state of Miss.took custody ,jail physician transferred

him to  hospital,nedical staff advised him of the reasons
for having such sufference's,pain & sufferëng's,unconstitutional
conditions from named defendant's imposing their actions,in-
flicting cruel and unusual punishments ,and are therefore liable
to this prisoner under 42 U.S.C.4  1983."Ancata v.Prison Heqalth
Servides,Inc.769 F.2d 700 f11th cir.85*,wherein this court

pointed out that medical personnel need not be state employees
in order that their actions be considered state action under
42 U.S.C.4  1983. Murphy v.Walker 51 F.3d 1714 f11th cir.95·fCorrections
officers told him to stop being a baby and he should learn
to live with the pain. Any injury to the head inflicting prolonged
pain and discomfort mandates medical evaluation within a reasonable
period of time.Campbell    was apparently booked into the jail on
**Dece7**,2018. Law enforcement officers arrested -plaintiff at his residence,
took him into custody.Officer's were notified that he was prescribed
medications,of his medical conditions,officer' advised him jail nurse
would take care of him.During booking,into colbert County Jail,Campbell
notified nurse,doctor he was diabetic,--needed certain medications,staff
denied medications,he experienced severe pains daily as a result,
plaintiff aunt attempted to provide his prescribed medications,jail
staff would not accept them. After Campbell had been in custody approximatel
twelve days, mental or and esp.physical distress ,physical discom-
fort associated with bodily injury,acute or emotional suffering,jail
staff told him  to lie down,he would be fine,the following day,his
chest pain worsened.Campbell went to the bathroom,lost consciousness,
fell,hitting his head against commode.Capbell realized he had injured
his head and shoulder when he regained consciousness. The plaintiff
notified a jailer and Campbell was taken to Helen Keller Hosp.before
being transferred to Florence Hospital.Campbel was seen by cardiologist
who had previously treated him.The cardiologist explained to **officer**'s
thatC ampbell's condition was serious and occurred because he was
not taking his prescribed medications.(id.).The plaintiff claims
his heart was week ,that he possibly suffered a stroke. Campbell
remained in the hospital approximately nine days before being trans-
ferred back top the Colbert County Jail.

Campbell struggle to deal with a difficulty,put forward a view
in an argument,an act of complaining,protest,objection,grievance,
medical staff at the Colbert County Jail failed to promptly diagnose
inmates,monitor their blood sugar levels,and provide care for injuries
and infections.The plaintiff further asserts medical staff failed
to offer meal plans for diabetic inmates to provide for their nutrit-
ional needs.Campbell's numerous requests to medical staff for his
prescribed diabetic medications,including Metformin,were deniued.
See 42 USC §§ 12101-12213 ,Fed.R.Civ.Pro.15(a)(b): Harris v.Coweta
County 21 F.3d 388,390 (11th cir.94):McElligott v.Foley 182 F.3d
1248,1255 (11th cir.99)[13-16]:Hinson v.edmond 192 F.3d 1342,1348
(11th cir.99):[The clearly established law 'Landcaster v.Monroe County,Ala.
116 F.3d 1419,1425 (11th cir.97):Adams v. poag 61 F.3d 1537,1544
(11th cir.95):Hill v.Dekalb Reg.Youth Detrention Center,40 F.3d 1176,1188
(11th cir.94):

These defendant's, jail house,prison officials violate due process
clause, the eighth Amendment by beiung deliberately indifferent either
toi prisoners existing serious medical needs and/or to the condistions
posing substantial risk of serious future harm.
Campbell alleges imminint danger of serious physioal injury under
A.D.A.,Defendant's deliberate indifference to inmates serious medical
needs ,eighthAmendment violation and gives inmate Campbell cause
of action under § 1983.Miltier v.Beon,896 F2d 848 (4th cir.90):Cleveland
v.poicy Mgt.Sys.Corp.'Cleveland V.Policy Management Systems Corp.120
F.3d 513 (5th Cir.97):

Although units of local gobernments,such as cities and counties,are
state actors for purposes of Fed.Const.14th Amend,11th Amend.does
not extend its state immunbtv from suit by private individuals in
Federal Court.To local units of local government,these intities are
subject to private claims for damages under Americans with Disabilities
Act 42 U.S.C.§§ 12101 et seq.·

Without congress ever having to rely on §§ 5 ,§5 14th Amend.Board
of Trusties v. Garrett £20010 531  U.S.356,148 L.ed.2d 866,121 S.ct.
955,2001.Chisolm v. McManim,on 275 F.3d 315,328-330 £3rd cir.2001•:Pel-
itskus v. Pizzingrilli 343 F.,3d 632,639 £3rd cir.2003• St.Thomas-
:St.John HGotel & Tour v.Gov.U.S.VI 357 F.3d 297,301 (3rd cir.2004):
The A.D.A. prohibits officials from discriminating against inmates
with disabilities.Art.I § 36,the 1st,4th,5th,6th,8th and 14th amendments
of the United states Constitution.Prison walls,the United States
supreme court haws / has written,do not form a barrier seperation
prison inmates from the protectioon of the constitution. There is
no iron curtain drawn between the Constitution and the prisons of
thhs country.Turner v.,Safely 482 U.S.78,84 £1987•:Wolff V.McDonbell,
418 US 539,555-56 £1974•: "Riddick v.Bass  586 F.Supp.881,883 (F.D.
Va. 1984):42 U.S.C.§ 12101 et seo. pursuant to its enforcement powers
umder § 5 of 14th Amend, with intent statute apply to disabled prisoner's.
Amos v.Maryland Dept.of Publ.Safety < Corr.serv.'s.Harris v.Coweeta
County 21 F.3d 388,393-94 £11th cir.94•McFlligott v.Foley 182 F.3d
1248,1255 £11th cir.99•:Mackenzie v.City of Rockledge 920 F.2d 1554
£11th cir.91•:Pennsylvania Dept.of Corr.v.Yeskey 524 US 206 £1998•:
Inmates generally have a right to food that is sufficient in the
amnount and nutritional qualiety to preserve their health.Several
medical conditions,however reouire inmates to consume or avoid certain
kinds of food.Also inmates for medical reaosons, eat more food than
is normally sufficient.If medical personnel order a special diet
for an inmate,Jails and prison official's must carry out the otder.
See Riddick v. Pass 586 F.Supp.881,883  F.D.Vaq. £1984•:Hafer v.Melo
502 U.S.21,116 L.ed. 2d 301,112 S.Ct.358 £91•:These entities are
subject to private claims for damages under Americans with disabilities
Act.42 U.S.C.S. §§ 12101 et.seq."Gaddis v.Campbell £2003• 301 F.Supp.2d
1310,1311 £Ala.2004•: These constitutiuonal duties merely obliges
states to follow the A.D.A. Act.

Campbell states this is a material fact that insulin dependent diabetics is a physical impairment under A.D.A. 42 U.S.C.S.44 12101 et.Seq.and eating is major life activity as defined by A.D.A. .That is affected by diabetes.Lawson v.CXS Trans.Inc.£2001,CA7 Ind.• 245 F.3d 916,11 Ad.Cas.1025. These defendants acting in concert to make one conspiracy to have deny William O.Campbell and possibly other diabetics forced to accept the jaols treatements, or forced,holding custody to endure such said unconstitutional treatements at the hands of jailer's,commoission' in the Sheriff',County,"Id.state of alabama and the benefits of the A .D. A  Act apply. In violation of rightsguaranteed under 8th,14th Amendments to the U.S.Const.Campbell v. Peto 460 F.2d 765 (5th cir.72): Federal courts will not hesitate to intervene when action is clearly necessary to protect a plaintiff' constitutional rights. The Fifth circuit has repeatredly stated,however, that there may be cases in which the deprivation will warrant judicial inquiry and  actioon. Woolsy v. Peto 450 F.2d 321 (5th cir.71):Among other guards, the eighth Amendment prohibition against cruel and unusual punishment, incorporated into the due process clause of the Fourteenth Amenmdment,protec protect's plaintiff Campbell from constitutiopnal conditions of treatment imposed by plaintiff authorities under color of State law, such as,Defendant "Frank Williams,Nurse Brandy Pullock,Dr,Pates,Colbert County Jail,Responsibl Quality Correctional Health Care,Doris Pickerton,Captain Higginbaugh, & Chief II Setlift ¶ 1-6 Campbell' amended complaint pg's. 1-19 fully incorporated herein.These defendants are in violation of the United States Laws,clearly established, 'Toyota Motor Mfg.Ky.Inc.V.Williams £2002• 534 U.S.184,157 L.ed.615 :Robertson v. Pradshaw 198 F.3d 645,646,648 £8th cir.1999•:Brown v.Missouri Dept.of corr.353 F.3d 1038,1040 £8th Cir.2004):Lolli v.County of Orange 351 F.3d 400,420 (9th cir.2003):

Campbells numerous requests to medical staff prescribed diabetic medications,including Metformin,were denied. United States v. Gold 743 F.2d 800.822-23 (11th cir.1984)(-     [Pg.-8-

Stating that Corporation could be held criminally liable for acts
of omissions of one of its agents when agent intended to provide
corporation with benefit even though that benefit was secondary to
his primary desire for personal benefit.).See United States v.Investiment
Enter.,Inc.10 F.3d 263,266 (5th cir.93)(Noting that,although corporations
cannot posses ,mental states, a Corporatoion can be held liable for
thge unlawful acts of its agents if their conduct is within scope
of their actual or apparent authority).Actus reus is the physical
aspect of a crime,whereas the mens rea (guilty mind) involves the
intent factor.Blacks Law Dictionary 36 (10th ed.1990).See Mylan Labs,Inc.V.A
Kzo,N.V.2 F.3d 56,63 (4th cir.93)(holding corporation liable for
acts of it employees acting within scope of their employment):United
States v. Bi-Pavers,Inc.741 F.2d 311,316 (7th cir.91)(stating that
corporation is crimibnally liable for the unlawful acts of its agents
when said conduct is within scope of agents actual or apparent author-
ity)(.As well as this requirement is met if the employee has actual
or apparent authority to engage in the particular act in question.See
Bi-Co pavers, inc.741 F.2d at 737 (holding that a corporation shُould
be held liable for acts committed within the scope of an agents
apparent authority,which is the authority that outsiders would norm-
ally assume the agent to posses judging from his position in the
company and the circumstances surrounding previous instances of conduct.
Actual authority attaches when a corporation knowingly and intentionally
gives authority to an employee.Joel M. Androphy et Al.General Corporate
Criminal Liabildty,Tex.B.J.Feb.1997,at 122.Apparent authority is
satidfied if a third party reasonably believes that the agent has
the authority to perform the act in question."Id." With the addition
of Courts should construe actual authority to include a broad claSS
OF BEHAVIORS THAT MIGHT NOT NECESSARY BF CONDONED BY THE CORPORATION

BUT ARE NONETHELESS WITHIN THE SCOPE OF THE AGENTS AUTHORITY.See
Somer Ccean TRans.Ltd.v.Indep.RFf.Co.783 F.2d 1185,1190 (5th cir.86)(Acts
committed by a servant are considered within the scope of employment
when they are so closely connected with what the servant isw employed
to do,and so fairly and reasonably incident to it,that they maybe
regarded as methods even though quite improper ones,of carrying out
the objectives of employment,)(Quoting Prosser & Keeton,The Las of
tools 502 C(5th ewd.1984).

CDampbell's complaint states a cause of action.Frett v.Gov.Virg,.Islands
839 F.3d 968,978-79 (3d cir.1988)(Upholding verdict wher prison officials
knew that inmate posed ser5ious danger to guards and inmates but
nevertheless returned him to the general prisoin population where
perfectly foreseeable harm occured).Smith v.Wade 461 U.S.30 (1983):
Punitive damages are also available.See Carlson v.Green 446 Us 14,22,64
L.ed.2d 15,100 S Ct 1468 (1980).§ 1983 derived from §§ 1 of the Civil
rights? act of 1871,17 Stat,13, Carey v.Piphus, 435 US 247,253,55
L.ed.2d 252,98 S ct 1042 £78•:Imbler v, pachtman, 424 US 409,47 L.ed.2d
128,96 S ct 984 £76•:Poth modern and as of 1871,Id.at 253-264, 55
L Fd 2d 252,98 S ct 1042;Briscoe v./Lahue 460 US 325 £1983•:New P[ort
v. Fact Concerts Inc.453 US 247,69 L.ed.2d 616,101 S Ct 2748 £1981•:
Procunier v. Navarette, 434 US 555,55 L.ed 2d 24,98 S ct 855 £78•:Imbler
V.Pacgtman 424 US 409,47 L Fd 2d 128,96 S ct 984 £1976•:Wood v. Strick-
land 420 US 308,43 L Fd 2d 214,95 S ct 992 £1975•:Schever v.Rhodes
416 US 232,40 L Fd 2d 90,94 S ct 1683;Pierson v.Ray 386 US 547,18
L Fd 2d 288,87 S Ct 1213 £1967•:Tenny v. Brandlove 341 US 367,95
L.Fd.1019,71 S ct 783 £19512•:

Ckdfficials had a duty to ½provide medical care,treatment to
inmate.See Deshaney v.Winnebago County Dept.of Soc.Serv's. 489 U.S.189,
199-200 £1989•:Standing to Sue £1• an actual or threatened injury
£2• that is fairly traceable to the conduct of the defendants £3•
that can be remedied by the court. Steel Co. V.Citizens for a

better environment 523 U.S.83,102-03 £1988·:Wolff v.Cash 4 Titles
351 F.3d 1348 £11th cir.2003·£Art.III of the Constitution confines
the reach of federal jurisdiction to cases and controversies.Alabama
O-' Tombigbee Rivers Coalition v. Norton, 338 F.3d 1244,1252 £11th
comb2003·:(quoting United States Constitution Art.III § 2, II.A.[1,2]
1353:Sell v. U.S.(20003) 156 L.Ed 2d 197,at 217.Estelle v. Gamble
429 US 97 (1976).Id.103. The Constitution gives inmates a right to
treatment for serious medical need.Gutierrez v.Peters191 F.3d 1364,1370
(7th cir.97):Ellis v.Butler 890 F.2d 1001,1003 & N.1 (8th cir.1989):WAshing
v.Dugger 860 F.2d 1018,1021 (11th cir.1988)?: Farmer vf. BVrennan
511 U.S.825,832,114 S.Ct.1970,128 L Ed 2d 811 (1994)(Fighth amendment():Des
Deshaney, 489 U.S.at 200,109 S.Ct. 2452 (Substantive Due Process):Colligan
v. Milwaukee County 163 F.3d 982 (7th cir.98):Coaler v.Casey 97 F.3d
914 (7th cir.96): 42 U.,S.C.4 1983 :Gomez v. Toledo 446 U.S.635,640
(1980).As required by clearly established law.Cambell alleged and
the Magistrate admitts within the pages of Recommendation 1 - 8 thrue
pages 20 that some person as he describes has described him of a
fedxeral right.Campbell has alleged thatthe person who has deprived
him of that right acted under color of state law.See Monroe v.Pape
365 Us 167,171,5 L.ed.2d 492,81 S ct 473 (1961).Plaintiffs have made
both allegations.And Defendant's act under Color of Alabama Law,See4
monroe v.Pape 365 Us 167,171,5 L Ed 2d 492,81 S ct 473 (1961):Battista
v.Cannon 934 F.Su-pp.400 (M.D.Fla.96) at 403 [4] Id.:Dixon v.Burke
County Ga.303 F.3d 1271 (11th cir.2002):at 1275:Fdwards v.Wallace
Com.Col.49 F.3d 1517 (11th cior.95).Use of State authority on position's.
L.Rech v. Clayton County Ga. 335 F.3d 1271 (11th cir.2003) at 1359-
1360:Farrow v.West 320 F∠3d 1235 (11th cire.2003)[18 month delay
inm medical treatment constituted deliberate indifference to his
serious medical need and violated his constitutional; rights under
the Fighth amendment.].Carswell v.Pay county 854 F.2d 454,456-57
(11th cir.1980)(Ouoting West v.Atkins 487 U.S.42,54,108S. :[SIC]

487 U.S.42,108 S Ct 2250,101 L.ed.2d 40 (1988).In Murphy v.Walker
51 F.3d 1714 (11th cir.95) corrections officers told him to ":Stop
being a baby " and thatr he should learn to live with the pain.Any
injury to the hjead inflicting prolonged pain and discomfort mandates
medical evaluation within a case.Chaney v.City of chicago 901 F.Supp.266
(N.D.All.95).Deliberate indifference by prison personnel to a prisoners
serious medical needs constitutes cruel and unusual punishment, in
violationm of hte Eighth Amendment.Estelle V.Gamble 429 U.S.97,(1976):

IV.TheMagistrate admite at pg's 8 Plaintiff alleges he was subject-
ed to unconstitutional conditions of confinement with ,while left
on a concretye florr in the colbert County Jail.When it rained, water
would leak into the jail.Rain would fall on the plaintiffr,leaving
him cold and wet even though jail staff and trusatees set out buckets,CaMPBF
Campbell complains his jaól officials retaliated against him because
he complained about the unconstitutional living conditions and filed
a lawsuit regarding the same.His contention's should be clear ,Jailor's
described above herein , the responsible official's, and  Jailer's
Mike, informed other inmates of his sex offender status and pending
charges,causing Campbell to suffer threats and abuse by other inmates,
Campbell was transferred to Tuscumbia City Jail in ec.2018,where
he remained until Aug.2019.Campbell asset5ts wastewater would pour
onto the floor of the cells every time the toilets flushed on the
women's side of the jail. Campbell submitted pictures of what he
alleges is wastewater in the jail.Doc.17).(2) his feet swelled due
to his diabetic condition and being forced to walk through stool
waters; and (3) he suffered a stroke after contracting hepatitis
at the jail. Campbell also contends complains that he was a trustee
at Tuscumbia City Jail in 2019, but Chub and Chief Setdift placed
him on lockdown due to his status as a sex offender,thereby discriminating
against him.

Campbell requests the court to consider the proposed ,included
witnesses who have supplied there addresses, and would testify to
the contained statements enclosed herein.Item #1 Certificate of mailing
delivered to prison officials for mailing to Chub ricks Circle drive
Leighton Al.35646  Day 7 June 2020,Chub Riches answers to interrogatories
1 - 5 incorporated :Answer to interrogatory #1.April 2018.January
2020.I worked at the Tuscumbia City Jail,where I worked as a jailor
there. Answer to Interrogatory #2. I completed a  2 week jail academy
class in Sept.2018 after working for 5 months with absolutely no
training at all. During the 2 week jail acadamy I learned the basic
training of how to work with the iinmates learned about their rights
proper way to protect them from hazardous situatricnsm,what to do
if sonething goes bad.etc. Answer to interrogatory #3.I really was'nt
around any handling,amy Handly & Campbell at the same time because
we worked opposite shifts.all I know is that she was giving the inmates
drugs and phones.Adbentually she was set up and caught and was fired.
Answer to Interrogatory #4.  Captain Steven Higginbothom 256-383-
3121 Sgt.Joy White 256-383-3121,Chief Stuart Setliff 256-383-3121:
Answer tointerrogatory #5.Investigated an incident where the males
allegddily had a cell phone and were calling out to people that worked
in the rehab center.Also officers conducted a search when I was'nt
present to see if males had a cell phone.They said because they were
on the unit.An incident which the females admitted that officer McMinn
gave Prittnay Purcham a cell phone and password to with and that
is how the males got it.Investigators numerous times about commede
overflowing and running into the floor.Told Captain about it every
time don't remember what he said exactly but he was not concerned
with it. I took notes on all this gand every single amd documented
it in my notes.Had to move males from __ because  of this many times.Had

_____ to come out but the problem never got fixed corr4ectly. Invest-
igated an incident where the males were getting things thrue the
chase from the females.The females were getting them from Chelsie
Gregory and she was getting them from Amy Hundly.Investigated an
incident where officer's claimed that Will campbell was the one behind
bringing in Contraband. I did mot find anything to prove that he
was.There was numerous times where Campbell reported to me that other
officer's would not allow him to check his blood sugar on many different
occasions.Captain Higgenbothum ,_____ and thge other nightime officer's
were involved in most of this/.While I do not work the nights so
I am not completely sure to what happen exactly because I was not
there.

Item #3.Pursuant to rule 26 & rule 33  Fed.Rules Civ.Pro. Interrog-
atories to  Witness Subject Matter Dianne Flannagan 408 Ford Street
Müstle Shoals Al.35661

Grteeting's. You may know respectfully,Interrogatory is defined
a written question (usu.in a set of questions) submitted to an opposing
party in a lawsuit as part of discovery.Please see Blacks Law seventh
Fdition page 838):Pursuant to rule 26 & Rule 33 of the Federal Rules
of civil Procedure plaintiff William Cneal Campbell is in a suit
at law and requests that you witness and answer the following interrogatorie
1. Please identify Mr.William Oneal Campbell,Colbert County Jail,mConditions
Contact's,meeting's, care's you have knowledge of,medical condition's,pres-
criptions by doctors if any,what was prescribed and by who what was
advised,of William Cneal CAmpbell,whether condition complex,that
he needed his medicatrion's his medication's for his health,safety.(Please
answer in the lines provided hereon,and if more space is needed please
include extra space/page explaining if neccessary :?Answer's:When I
saw William,campbell he had been moved from Colbert County Jail to
tuscumbia City Jail,the jail cell was inhuman there was a smell like
urine and feces,the cells had sewer water standing in them, The County

Jail,did'nt smell nice eityher when I went to put money on his book.
I knOw he had been prescribed,Metformia for his diabetese,Flood Pressure
med's.

2.     Please describe in as much detail as possible Tuscambia City
Jail,Cap't.Higgin,Chief II Settlift,you'r observances,contacts,what
was the condition of the jail,Mr.Campbell herein ?It was **hott**ific,nasty,dirty
Inhuman for anyone to be locked up in those cells,smelled of sewage
there was actually raw sewage  seeping into the cells everytime the women
in -- flushed their toilets.In so much the men had to keep everything off the
floor.

3:     Please identify Mr.Campbell ',Grandfather,Grandmother' belonging's
and Mr.Campbell's possession's value in money taken,describe in your response
all officials contracted,investigated and or refused to investigate theft of belong-
ing's, monies,who you have reported to if any,what and how you attempted to,or
have reported to and how you have reported to received and answered you'r request's,
complaints, etc ?  Items taken belong to William Campbells grandparents Calvin
an Laura Flannagan, value in money for grandparents taken was  over $13,000.00
adding Williasms $6,325.00 plus $1500.00 for 2006 Buick Pendevoue.Total $25,000.00
and nothing was done about it. I was told by Tyler Evans after talking to his
supervisor since William lived there he had to file report.

4.ITEM # 4:PLAINTIFF INTERROGATORIES TO WITNESS BARBERA CAMPBELL PROPOUNDED,
NOMINATE: Address 109 West Street Tuscumbia,Ala.35647:

Pursuant to Rule 26 & 33 of the Fed.R.Civ.Pro.Plaintiff requests that witness
Barbera Campbell "Id", answer the following Interrogatories:

1:     Please identify all positions and titles,with **correspo**nding dates
of incarceration that you have visit William Oneal Campbell at Colbert County
Jail,Tuscumbia City Jail,Populous,police departments,sheriff department's jails
conditions, treatment's,describe you'r visits,each officer position & title ?
(Written question's answered, underlined) July 20-19 - Sept.30 19.-I went every
Monday to take him thing he ask for Coffeemcream,Dip,Cracker, and chips (Offie
Ch

Chubb Ricks was officer,very nice person.It smell like pee urine the last month he was at the City Jail Tuscumbia.He was not fereling good at times,sugar wasnt good,High and made him not in good condition.Well his Heart is not good.Had a Heatattack in coplbert Jail didnt get his med.on time.Went to FCM stay there 5 or 6 days could not see or talk to him there was a lady office not very nice at all.

2.      Please describe William Oneal Campbell in as much detaċil as possible, the condition,prescription,treatments,the complete circumstances surrounding you'r visits,contacts,of Interrogatory #1 above ?  He looked tired,give out eye red from hurting and not sleep good.He hurt a lot.   could tell by talking and look at him he was not health needing a lot care and meds he needed he needed [SIC] and meds he needed blood pressure med,sweet med's,nerve meds,& need better care. [Pg.-2- of [  ] Inter-rogatories Barbera A Campbell .]  #¶ 3: Please describe in as much detail as possible the compl:ete circumstamces surrounding all other instances in which you have visit William Oneal Campbell.Incllude in your response the circumstances surrounding any visit or complaint,denial or rude application,treatment,deprivation and/or disorder response? When I would go see him his feet would be busted open sugar high over 300.

Pg.-4- of[4] Interrogatories Barbera Campbell ¶.8:Please describe any other State,if Mississippi you have picked,delivered William Oneal Campbell to whom.If possible please describe subject,condition, pickup,release moreover,delivery of said William Oneal Campbell and descxribe/describe in as much detail as possible the complete circum-stances surrounding his delivery,include in your response the circum-stances,subject of delivery,information,reasons William Hospitalizat-ion resulted,occurred,reasons,verifications ? [ANSWER UNDERLINE]

The Dr.there thay said his muscle were deteriorating.He-had  Heartacke
in Missippi,and was in the hospital, and I went and picked him up.He
had been in Colbert County Jail before Mississippi came and got him.
I talk to them about getting him out and they Frank Wilcliam told
me thay wHad warrant on him in Mississippi,but could'nt tell me where
so after I talk to him to getout.Thay come from Mississippi and got
him out.And the Judge down there let him go,and he haddown there the
Dr.at Hospital said he need surgery.But I went and got him.

Item # 5.Curtis Wicker Competent to make the following statement
hereto:

Item # 6.Case:3:19-cv-00354-LSC-SGC Doc.#:24-1 Date Filed :12/09/2019.
Plaintiffs FIRST INTERROGATORIES TO WITNESS LEANNA MCDONALD 408 Ford
Street Muscle Shoals Al.35661

Item #.7 Statement of Ronnie Barnett,Case No.3.190cv0354-LSC-SGC
:

Item # 8:JAILS § 14-6-103/14-6-98 William Campbell, Interrogatory
Party.


Item #9:William Oneal Campbell AIS #:277831 for cause plaintiff's
first interrogatories to defendant Colbert County which has not been
answered or returned hereto,and theCourt is requested to require,direct
Colbert county defendant's to answer Item # 9 aboard.

iV:How the Magistrate concludes the plaintiff's claims are due
to  be dismissed for failure to state a claim upon which relief may
be granted.Many decisions uphold the right of state prisoners to bring
federa civil rights actions to challenge the conditions of their con-
finement.See Cooper v.Pate 378 US 546,12 L.ed.2s 1030,84 S Ct 1733
(1964):Houghton v Shafer 392 US 639,20 L.ed.2d 1319,88 S.ct.2119 (1968),
Wilwarding v Swenson 404 US 249,852,92 s.ct.594 (1972):
V. Kerner 404 US 519,30 L Ed 2d 652,92 s Ct 594 (1972):407 (1971):Haines,

The magistrate errs missapplies the law,facts,complaint's,misrepr-
esents the issues,said complaint's hereto.See4 Jones v.Brock 549 U.S.199,215
(2007),Tolbert v.Fymen 434 F.2d 625,626:Goebert v.Lee CCunty 510 F.3d
1312 (11th cir.).Congress intended to include in their entirety the
two primary categories of suits brought by prisoners-applications
for habeas corpus re**ief** pursuanto to 28 USC § 2254 and 2255 [28
USCS §§ 2254 and 2255] and actions for monetary relief uynder 42 USC
§ 1983 [42 USCS § 1983].MCCarthy V Pronsau £1991· 500 US 136,114 L.Ed.2d
194,201,111 S ct 1737. Gates v.Cook 376 F.3d 323 £5th cir.2004·£holding
certain conditions,insect infestations,filthy conditions,faulty plumbing-
were unconstitutional·:Valdo v.Crosby 390 F.Supp.2d 1084 £M.D.Floa.2005·£Pur
cell ex rel.Estate Morgan v.Toombs County 400 F.3d 1313 (11th cir.2005)(defe
ndants failed to protect him from assault of other inmates):RiccRDC
V.Rausch 375 F.3d 521 (7th cire.2004)cvert.den.,125 S.ct. 1589,16
L.ed.2d 276 (U.S.2005)(reversed and remanded district court's holding
where a jury awarded $1.5 million in compensatory damages to plaintiff
whop claimed that defendant failed to protect him,--assault from his
cell mate after notifyiong the defendant that he was in fear of his
life.Plaintiff claimed that cellmate was a gangmember,and that he
feared attack from the gaqng.) Whiting V.Marathon County sheriff's
Dept. 382 F.3d 700 (7th cir.2004)(Deliberate indifference subjecting
to material harm).DEliberate indifference towards plaintiff's health.
Revels V.Vincenz 382 F.3d 870 (8th cir.2004):Ziemba v.Armstorpong
433 F.Supp.2d 248 (upholding award 100,000 in punitive and 150,000
in compensatory damages).Putera v. Cottey 285 F.3d 601 (7th cir.2002):Fagels
v. Morrison 335 F.3d 736 (8th cfir.2003):Adams v.Perex 331 F.3d  508
(5th cir.2003).Rangolan v.Couinty of Narsau 370 F.3d 239 (2d cir.2004).
   Sanders v.Yeager 57 Fed.Appx.881 (10th cir.2003) compensatory &
   punitive damages ,he slipped in pool of water on the floor & sewage
   from toilet left a constant pool of water in the floor.);Bozeman
      Crum-

422   F.3d 1265 (11th cir.2005()infra)(:Medical Defendant,Dr.Fates,Quality
Correctional Healthcare,Doris Pickerton,Brandy,All listed defendant's
trying to evade the law that is and was clearly established or
is being allowed to cover up and/or obstruct such policies,proced-
ures,legislative enactment's, statute's and law,anf his court's
duty is being mislead.SeFMandel V.Doe 888 F.2d 783,794 (11th cir.89):Sher
Sheriff,Cullman County Jail,Turner v.Upton Cnty 915 F.2d 133,136
(5th cir.90): Hare v.City of corrinth 74 F.3d 633,649 (5th cir.96):
Bozeman (Supra) 422 F.3d 1265,1272-73 (11th cir.2005)(delay in
administering or **seekibg** or administering medical attention for
an inmate whop appeared to have asphyxiated involved obvious risk
to the inmates health (Citing Farmer 511 U.S.at 842).Lolli V.Cnty
of Orange, 351 F.3d 410,420-21 (9th cir.2003)(holding that prison
official's were not entitled to  qualified immunity because it
was obvious that a pretrial detainee suffering from diabetes needed
food,and that therefore a jury could find that the officials inferred
from this information that [the plaintiff] was at serious risk
of harm if he did not receive the food)(**citing** Farmer 511 U.S.
at 842)(engrarke v.Wisneski 266 F.3d 429,436-38 (6th cir.2000)(holding
a prison physician was not entitled to qualified immunity for his
inadeq2uate treatment of an inmates serious abdominal condition
because he failed to take the--that **his** training indicated was
necessary and the risk was necessary  of harm was extreme and ob-
vious to anyone with a medical education and to the most lay opeople
such that a factfinder may conclude that [he] knew of a substant-
ial risk from the very fact that the risk was obvious)(quoting
Farmer, 511 U.S.at 842).

 Prison officials may be held liable for his or her policy affecting
pretrial detrainies that deprives them of basic human needs,includ-
ing aedequate medical care, **if** the official knew of a substantial

---------------------------------- risk of harm to detainies
----------------- 
but responded with   deliberate indifference to that risk,In such
a situation,the officials policy itself is a repudiation of constitution-
al rights and is the moving force of the constitutional violation.Cozzo
v. Tangrahoa Parish Council-President Gov. 279 F.3d 273,289 (5th
cir. 2002). To prevail a § 1983 claimmant newed not show that a
prison official acted or fasiled to adct believing that harm actually
would befall an inmate;it is enough that the official acted or
failed to act despite his knowledge of a substantial risk of serious
harm.Farmer v. Brennnan 511 U.S. 825,842,114 S.ct. 1970,128 L.ed.2d
811 (1994)[T]t does not mattrer whether a prisoner faces an excessive
risk of harm for reaSACSNS PERSONAL TO HIUM OR BECAUSE ALL PRISON ERS
IN HIS situation face such a risk.Id. at 843. We do not require
a prisoner seeking a remedy for unsafe conditions to await a tragic
event such as an actual asasult or,as/or a death, before obtaining
relief.Id.at 845.Gates v.Cook 376 F.3d 323 (5th CDir.2004):

 Campbell herein a pretrial detainee had a clearly established
Fourteenth Amendment right bot to be denied medical care as a result
of defendant's deliberate indifference.Hare v.City of Corinth,Ms.74
F.3d 633,650:__Detainees physical injurv,allowed oportunity to
amemnd Sanders v.YTeager 57 Fed.Appx.881 (10th cir.2003) Compens-
atory damages ,& punitive damages,he slipped in pool of water on
the floor & sewage from toilet left a constant pool of water in
the floor. Bozeman v.Crum  'Supra. The resored contains evidence
of a systematic failure of medical care of the type that this court
found present unconstitutional conditions in Shepard v. Dallas
County 591 F.3d 445,453, the plaintiffr indicted the entire jail
medical system as a cause of his stroke.

 Considering any and all the above,Campbell's complaint's, there
is genuine dispute as to any material facts and plaintiff is en-

-19-

titled to judgment as a mmatter of law.This Honorable Court must/may
view the facts and the inference to be drawn from them in the light
most favoreable to the plaintiff. Wyatt v. Hunmt Plywood 297 F.3d
405,409 (5th Cir.2002).See also Hare v.City of Corinth 88 74 F.3d
633,636 (5th & 11th cir.96)(enm banc) Prown v.Polin 500 Fed.Appx.
309 (11th coir.2012).Oxentine v.Kaplion 241 F.,3d 1272,1278-79
(10th cir.2001)(holding that the failure to refer an inm,ate to
a specialist after he showed signs of _____ following a surgical
procedure posed an obvious health risk).McFkligott v.Foley 162
F.3d 1248 (11th cir.99):(Nurses,medical staff deliberate indifference)
Thomas v. Porytrut 614 F.3d 1288,1313 (11th cir.2010)(denying qualified
immunity to jail officials).See McElligott 182 F.3d at 1258 & n.7
Cossey v.Wallace 134 F.Supp.2d 1264 (11th cir.2000)(Marsh v.Putler
225 F.3d 1243 (11th cir.2000)LCiting Leather-- v. Tarrant Cnty
Narc's.Int.& Cor.'Unit 507 U.S.163,.168,113 S.Ct.1160,122 L.ed.2d
517 (1993): Jail pre-trial detainee right to medical care Poston
v.Lafayette Cnty. 743 F.Supp.562 (5th cir,90):Degrade v,..Shain
507 F.Supp.2d 571 (5th cir.2007):Pertholt v.Jefferson Parish Cor.Ctr.
1995 U.S. Dist. Lex.9809.9409 (5th cir.95). Public officials violates
federal staottory or constitutional right.Scott.U.S. at 127 S.ct.
at 1774,second if so,that right was clearly established at the
time of officials derogated the plaintiff's rights. Saucer 533
U.S. at 202. Scott U.S.at 127 S.Ct. 1774;Kelly v. Owens 2008 U.S.
Dist.Lexis 7774 (11th cir.2008):Hope v. Pelzer 536 U.S. 730,739,
122 S.ct. 2508,.The propriety can be determined by examining prisoners
allegation in the light of the prisons medical records,mental health
record's,madical care ,Jail house record's,Newman v.Ala.503 F.2d
1320,1329:W.J.Estelle Jr. Dir.Tex.Dep.of Cor.50 L.ed.2d 888:U.S.V.Jack-
son 318 F.2d 1:Jackson v.Hamm 78 F.Supp½.2d 1233 11th Cir.99):

Plaintiff's ?second amended complaint pg's 1 -19 fully incorporated
herein provides and requires with this objection's hereto Campbell's
righjt to relief and the actions statutes he envokes hereto.


_____22 June 2021,Sign for:_____ This objection was received
at Limestone C.F. and having just 2 day's to hustle to the Access
law library to review said R.R.M ag's.and what  access provided
on this side of the bench in chains,fenced,Plaintiff respecrfully
submitts his objection's to this Honorable court this  23 evening
June 2021 with certificate of mailing servfice and copy fpr the
defendant's since there are possibly many counselor's,
Respectfull submitted: William C.Campbell of prose:

*William C. Campbell*

28 U.,S.C.§ 1746


## CERTIFICATE OF MAILING SERVICE

William C.Campbell deliveres these legal document's objection to
prison official's for mailing this 23 Eveni?ng June year 2021 for
mailing.Houston v. Lack 487 U.S.266,271-272 (1988):Garvey v.Vaughn
993 F.2d 776,780 (11th cir.93):McCloud v.Hooks 560 F.3d 1223 (C.A.11
2009): 28 U.S.C.4 1746

William C Campbell Pro se.AIS #:277831

c          *William C Campbell*

Limestone Correctional Facility J. "5.Cell

28779 Nick davis Road

Harvest al., 35749

William Oneal Campbell 277831
Limestone Correctional Facility
28779 Nick Davis Road
Harvest, AL 28779

_____

Signed William Oneal Campbell AIS #:277831 "
LIMESTONE CORRECTIONAL FACILITY

DORMITORY J
28779 NOCK DAVIS ROAD
HARVEST AL.
35749

-------------------------------------
28 USC § 1746 Pro Se


CERTIFICATE OF MAILING SERVICE
Delivered into United states Postal service/legal mail at ins-
tituion Limestone addressed to Chub Ricks  Circle drive Leighton
Al.35646 day:7 Month June year 2020 for delivery,declared hereton
United states Code Service section 1746 , and Mail box rule [PRISON],
Houston V.Lack 487 U.S. 266,271-272 (1988):Adams v.United States 173
F.3d 1339;Garvey v.Vaughn 993 F.2d 776,780 (11th cir.93):McCloud v.Hooks
560 F.3d 1223 (C:.A.11 2009):

William O CAmpbell AIS# 277831
William   Oneal Campbell   277831
28 u.s.c.s.§ 1746 sAME


pG.3 OF [  3] aNSWERS TO INTERROGATORIES 1-5 #3:19-CV-00354-lsc-sgc

Signed William Oneal Campbell AIS #:277831 "
   LIMESTONE CORRECTIONAL FACILITY

DORMITORY J
28779 NICK DAVIS ROAD
HARVEST AL.
35749

---

28 USC § 1746 Pro Se

## CERTIFICATE OF MAILING SERVICE

Delivered into United states Postal service/legal mail at ins-
titution Limestone addressed to Chub Ricks ' Circle drive8 Leighton
AL.35646 day:7 Month June year 2020 for delivery,declared hereon
United states Code Service section 1746 , and Mail box rule [PRISON],
Houston V.Lack 487 U.S. 266,271-272 (1988):Adams v.United States 173
F.3d 1339;Garvey v.Vaughn 993 F.2d 776,780 (11th cir.93):McCloud v.Hooks
360 F.3d 1223 (C:.A.11 2009):

William D. Campbell AIS# 277831
   William Oneal Campbell 277831
   28 u.s.c.s.§ 1746 sAME

NO.S OF ,  3) aNSWERS TO INTERROGATORIES 1-5 #3:19-cv-00559-lsc-sgc

UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF ALABAMA
NORTHWESTERN DIVISION

|   |   |
|---|---|
| | § WILLIAM ONEAL CAMPBELL, |
| | §     Plaintiff, |
| | § |
| | § v. |
| | § SHERIFF Frank Williams, |
| | § et alo., |
William Oneal Campbell 277831 | §    **Defendants** |
Limestone Correctional Facility | § |
28779 Nick Davis Road | § |
Harvest, AL 28779 | § case $#:3:19-cv-00354-LSC-SGC |
| | § |

------------------------------------------------------------

TO:  CHUB RICKS  Chub Ricks  Circle DR.

Leighton , Al, 35646

It appearingOn/pursuant to Rule 26 and Rule 33 of the Federal
Rules of Civil Procedure William Oneal Campbell requests that Chub
Ricks answer the folks following interrogatories request':

1:    Please identify all positions and titles with corre-
sponding dates of employm,ent that you have held as an employ at the
Colbert County Jail, and describe you'r responsibilities for each
position and title.

2: Please describe in as much detail as possible the training
you have received while working for the Great State of Alabamqa,City
of Tuscumbia Colbert County,City jail and inmates if aknowledged thereof
William Oneal Campbell.

3: Please describe in as much detail as possible the complete
circumstances surrounding William Oneal Campbell,Amy Handley ,position's,

4: Please state the name affiliation title last known address
and last known telephone number of each person who has present/presence
in the Colbert County/City J ail on or around Dec.2018 and through
Jan.2019 andwho has knowledge of any of the facts stated in your response
tointerrogatory # 3 ?

5: Please describe in as much detail as possible the complete
circumstances surrounding all other instances in which you have invest-
igated inmates,incident's ,telephone aparatuis'inmates present,incar-
cerated,size of **area** /cell,how many present, investigators involved
and include in your response the circumstances surrounding William
Oneal Campbell,any review of disciplinary,criminal violations that
occurred

-1-

UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF ALABAMA
NORTHWESTERN DIVISION

| | |
|---|---|
| & | WILLIAM ONEAL CAMPBELL, |
| & | Plaintiff, |
| & | v. |
| & | SHERIFF Frank Williams, |
| & | et alo., |
| & | Defendants |
| & | |
| & | case $#:3:19-cv-00554-LSC-SGC |
| & | |

TO:  CHUB RICKS  Chub Ricks  Circle DR.

Leighton , Al, 35646

It appearingOn/pursuant to Rule 26 and Rule 33 of the Federal
Rules of Civil Procedure William Oneal Campbell requests that Chub
Ricks answer the folks following interrogatories request':

1:     Please identify all positions and titles with corre-
sponding dates of employm,ent that you have held as an employ at the
Colbert County Jail, and describe you'r responsibilities for each
position and title.

2: Please describe in as much detail as possible the training
you have received while working for the Great State of Alabamqa,City
of Tuscumbia Colbert County,City jail and inmates if akncwledged thereof
William Oneal Campbell.

3: Please describe in as much detail as possible the complete
circumstances surrounding William Oneal Campbell,Amy Handley ,position's,

4: Please state the name affiliation title last known address
and last known telephone number of each person who has presenc/presence
in the Colbert County/City J ail on or around Dec.2018 and through
Jan.2019 andwho has knowledge of any of the facts stated in your response
tointerrogatory # 3 "

5: Please describe in as much detail as possible the complete
circumstances surrounding all other instances in which you have invest-
igated inmates,incident's ,telephone aperstuis'inmates present,incar-
cerated,size of aßea /cell.how many present, investigators involved
and include in your response the circumstances surrounding William
Oneal Campbell,any review of disciplinary,criminal violations that
occurred

UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF ALABAMA

NORTHWESTERN DIVISION

| | |
|---|---|
| § | WILLIAM ONEAL CAMPBELL, |
| § | Plaintiff, |
| § | v. |
| § | SHERIFF Frank Williams, |
| § | et alo., |
| § | **Defendants** |
| § | |
| § | case $#:3:19-cv-00354-LSC-SGC |
| § | |

TO:  CHUB RICKS  Chub Ricks  Circle DR.

Leighton , Al, 35646

It appearingOn/pursuant to Rule 26 and Rule 33 of the Federal Rules of Civil Proceoure William Oneal Campbell requests that Chub Ricks answer the folks following interrogatories request':

1:     Please identify all positions and tities with corresponding dates of employm,ent that you have held as an employ at the Colbert County Jail, and describe you'r responsibilities for each positi®o and title.

2: Please describe in as much detail as possible the training you have received while working for the Great State of Alabamqa,City of Tuscumbia Colbert County,City jail and inmates if aknowledged thereof William Oneal Campbell.

3: Please describe in as much detail as possible the complete circumstances surrounding William Oneal Campbell,Amy Handley ,position's,

4: Please state the name aififliation title last known address and last known telephone number of each person who has present/presence in the Colbert County/City J ail on or around Dec.2018 and through Jan.2019 andwho has knowledge of any of the facts stated in,your response tointerrogatory # 3 ?

5: Please describe in as much detail as possible the complete circumstances surrounding all other instances in which you have invetgi=igated inmates,incident's ,telephone aparatuis'inmates present,incarcerated,size of afes /call,how many present, investigators involved and include in your response the circumstances surrounding William Oneal Campbell,any review of disciplinary,criminal violations that occurred

-1-

Chub Rickes answer's to interogatories 1 thrue 5 incorporated cCase #: 3:19-cv-00354-LSC-SGC."Please include pg's needed,if more require'?

Anser to Interrogatory # 1:"Supra: April 2018 - January 2020
I worlled at the Tuscumbia City Jail, where I worked as a Jailer there.

Answer to Interrogatory # "2"Supra: I completed a 2 week Jail academy class in september of 2018 after working for 5 months with absolutely no training at all. During the 2 week Jail academy I learned the basic training of how to work with the inmates, learned about their rights proper way to protect them from hazardous situations, what to do if something goes bad, etc.

Anser to Interrogatory # 3:"supra: I really wasn't around Amy handley & Cumpbell at the same time because we worked opposite shifts. All I Know is that she was giving the inmates drugs & phones. Adventually she was set up & caught & was fired.

Answer to Interrogatory # 4 "Supra": Captain Steven Higginbotham 256-383-3121, Sgt Joy white 256-383-3121 Chief Stuart Setliff - 256-383-3121,

pg.1 of [   ] answers to interrogaries 1-5 " #3:19-cv-00354-LSC-SGC

[illegible] Rickes answer's to interrogatories 1 [illegible] 5 incorporated class [illegible] 3:19-cv-00[illegible]-[illegible]-SGC "Please include pg's needed, if more required"

Answer to Interrogatory # 1: "Supra" April 2019 [illegible] January 2020 [illegible] of the [illegible]

Answer to Interrogatory # "2" Supra: [illegible] with the world [illegible] them from [illegible] Shelton [illegible]

Answer to Interrogatory # 3: "Supra" [illegible] All I know is that she was [illegible] phones [illegible]

Answer to Interrogatory # 4 "Supra": Captain Smith [illegible] 256-[illegible]-3131 Sgt [illegible] 256-[illegible]-3132 [illegible] 256-[illegible]-2131 [illegible]

Answers to interrogatory #: P 5 "Supra". Investigated an incident where the males allegedly had a cell phone and were calling out to people that worked in the rehab center. Also officers conducted a search when I wasn't present to see if males had a cell phone. They said because they were on the wifi. An incident which the females admitted that officer McMinn gave Brittnay Burcham a cell phone and password to wifi and that is how the males got it. Investigated numerous times about commode and sink overflowing and running into the floor. Told captain about it every time don't remember what he said exactly but he was not too concerned with it. I took notes on all this and every single and documented it in my notes. Had to move males from ms because of this many times. Had fullers to come out but the problem never got fixed correctly. Investigated an incident where the males were getting things through the chase from the females. The females were getting them from Chelsie Gregory and she was getting them from Amy Handley. Investigated an incident where officers claimed that Will Campbell was the one behind bringing in contraband. I did not find any thing to prove that he was. There was numerous times where Campbell reported to me that other officers would not allow him to check his blood sugar on many different occasions. Captain Higginbotham, McMinn, and the other nightime officers were involved in most of this. While I do not work the nights so I am not completely sure to what happen exactly because I was not there.

Answers to interrogatory

PLAINTIFFS 1st INTERROGATORIES TO WITNESS,SUBJECT MATTER DIANNE
Flannagan 408 Ford Street Muscle Shoals AL.35661

"Greeting's !! You mayknow respectfullov,',Introgatory is defined
"A written question (usu.in a set of questions) submitted to an opposing
party in a lawsuit as part of discovery/"(Please see Blacks Law Seventh
Edition page 838);

Pursuant to rule 26 & Rule 33 of the Federal Rules of Civil Procedure,Plai
Plaintiff William Oneal Campbell is in a suit at law and requests
that you witness and answer the following interrogatories.

1:    Please identify Mr.William Oneal Campbell],Colbert County
Jail,Condition's,Contact's, meeting's,care's you have knowledge of,medical
condition's, prescriptions by Doctor's if any,what was prescribed
and by who what was advised, of William Oneal Campbell ,whether condition
complex, that he needed his medication's for his health,safety,(Please
answer in the lines provided hereon,and if more space is needed please
include extra space/page explaining if neccessary:? When I Saw William
Campbell he had been Moved from Colbert County Jail to Tuscumbia
City Jail, the jail Cell was inhuman, there was a smell like human
urine and feces, the Cells floor had Sewer water standing in them,
The County Jail I didn't smell nice either when I went to put money on his boo
I Know he had been prescribed, Metformia for his diabetese, Blad Pressure Meds.

2: Please describe in as much detail as possible Tuscumbia City Jail,Capt·
ain Higgin,Chief II Settlett ,you'r observances,contacts,what was
the condition of the Jail,Mr.Campbell herein ? It was horrific, Nasty, dirty,
For Inhumane for anyone to be locked up in those Cells, Smelled of Sewage
there was actually raw Sewage seeping into the Cells every time the women in the
Flushed their tolets. In so much the men had to keep everything off the floor.

3: Please identify Mr.Campbell' ,GRandFather,Grandmother' belonging's
and Mr.Campbell's possession's,value in money taken,describe in your
response all officials contracted,investigated and or refused to investiga
theft of belonging's,monies,who you have reported to if any,what and
how you attempted to ,or have reported to and how who you have reported
to received and answered you'r request's,complaints,etc ? Items taken belongin
to William Campbells grandparents Calvin an Laura Flannagan, value in money for
grandparents taken was $ over $13,000.00 adding Williams $6,325.00 plus $1500.0
for 2006 Buick Rendevoue. Total over $25,000.00 and nothing was done about it.
I was told by Tyler Evans after talking to his Supervisor since William lived there he had to file
-1- of [ : ]                                                              Report·

PLAINTIFFS INTERROGATORIES TO WITNESS BARBERA CAMPBELL

109 South West Street Tuscumbia,Ala.35674

Pursuant to Rule 26 & 33 of the Federal Rules of Civil Procedure.Plaintiff requestes that witness Barbara Campbell "Id"", answwer the following Interrogatories :

1: Please identify all positions and titles ,with corresponding dates of incarceration that you have visit William Oneal Campbell at Colbert County Jail,Tuscumbia City Jail,Populous,Police departments,Sheriff department's Jails condition's, treatment's. , describe you'r visits.each officer position & title ? [illegible] Sept 30

I went see Mom my [illegible] [illegible] and Chips. [illegible] Ricks

was [illegible] Very nice person [illegible] Smell like Pee urin the last month [illegible] At the City Jail Tuscumbia, He [illegible] Good [illegible] [illegible] was not good. [illegible] and made [illegible] NOT [illegible] [illegible] tion. Well his Heart is not good. [illegible] a [illegible] Colbert Jail [illegible] his Med. on time. [illegible] to [illegible] [illegible] talk [illegible] there was a [illegible] All.

2: Please describe William Oneal Campbell in as much detail as possible,the condition,prescription,treatments, the Complete circumstances surrounding you'r visits,contacts,of Interrogatory #1 above ?: [illegible] looked Tired [illegible] out [illegible] [illegible] hurt a lot. [illegible] [illegible] NOT health needing a Lot care and Meds he needed Blood pressure [illegible], Sweet meds, nerve meds, I need [illegible].

3: Please describe in as much detail as possible the complete
circumstances surrounding all other instances in which you
have visit William Oneal Campbell Include in your response
the circumstances surrounding any visit or complaint,denioal
or rude application,treatment ,deprivation and/or disorder
response ?: _When I would go see him his feet would_
_Be busted open sugar high over 300_

4: Please describe,state, the names,affiliation,title,;last
known address,and last known telephone number of each person
you have complained to,who has compla-ined to you,who has knowledge
of any of the facts stated in your response to interrogatory
#1 Above ?:

7:     Please describe in as much detail as possible the complete circumstances surrounding your visits to interrogatory #1 "Supra,?"

_____

_____

_____

_____

_____

_____

_____

_____

8:     Please describe any other State,If Missippi you have picked,delivered William Oneal Campbell to whom,If possible please describe subject,condition,pickup,releasemoreover, delivery of said William Oneal Campbell and describe in as much detail as possible the complete circumstances surrounding his delivery,include in your response the circumstances,subject of delivery,inform-ation, reasons William Hosptalization resulted,occurred,reasons,verifications ?:

The Dr. they Thay said his muscle wae Dedering, he Had HeartAcke in Missisippi and was in the Hostal, and I went and pick him up. He Hee been in Colbert Contny Jail beße ellisas Came and got Him I talk to them acos getting him out and they Frank William told me thay had warant on him in Missisippi But Couldn't Tell me where so after I talk to him to get Out. Thay Come from Missisippi and get him out. And the gudge dwn there let him go. I went dwn there the Dr. at Hospia said he need But I went and get him,

```
                                      ɛ   WILLIAM ONEAL CAMPBELL,

                                      ɛ   PLAINTIFF,

                                      ɛ   [SHERIFF FRANK WILLIAMS

                                      ɛ   DEFENDANTS
```

---

Curtis Wicker competent to make the following statement hereto;
United States Code Service § 1746 deposes/say's;

"1:          I Curtis Wicker uponntimes relevant to the events alleged
in Uniteed States District Court For the Northern District of alabama
Southern Division  "*" Supra"and am a witness ,was  housed,in-
carcerated with William Oneal Campbell,and am over the age of
(19) years and to the events alleged by Plaintiff therein "*",
supra,and for purpose/particular's, this affidavit,being from
December 2018 to the present

"2:          I Curtis Wicker was with William Oneal Campbell at
the Tuscumbia City Jail for several months.While I was therein,Correctional
officer's at the jail did not give him medication's. MR.Campbell'
sugar level was high ,ebery time he took it,they told him to
deal with it,also took him off his medication's, for what he
said was Mediphormine  I was in a cell with him and the women's
sttol water,fecies,waste from human's,, toilet water,raw sewage
would flood the cell where we were confined,raw sewage would
flood the cell.We put in and tried and complained ,attempting
to put in complaint's, and were continuously ignored,.We did
get Capt.Heganboff and Chief Settiff attention and they  mocked,ordered
us to deal with it ! We told the Jailor numerous time's, and
they said tell us to deal with it

"3:          I would testify subject to this proceeding,and provide
evidence showing such unconstitutional,inhuman condition's, that
went on and are probably still going on,covere3d up by defendant's.

Ctis       Curtis Whicker :  _Curtis Wickler_  AIS#292252

                        28 U.S.C §1746

1. In the case of William Campbell, he has been treated unjust and unfairly by the Colbert Co. Sheriff's Office. He has a chronic History of Heart failure and uncontrolled diabets for which he is prescribed multiple medications. His prescriber Dr. Balaaki beleves these medications to be critical for his well being. That being said William has not received proper medical mangement. The Sheriffs Department with held these medications knowing the ramifications causing William pain and addition health issues and possible life threaten Conditions that being said he should have been kept in a clean/livable enviroment. These Conditions not only should any human being live in such filth. But the Conditions were hazardous and unsanitary.

2. Captain Higgin was the One responsible for with holding Mr. Campbells medication when thy were brought to the facility they were refused by him with nonchalant indifference to human life. Not only was the Cheif Higgins did not maintain the upkeep of the jail Cells. the Site alone is horrific. The living Conditions in those Cells are inhumane and dangerous. The Strong smell of feces permiates the air due to sewage seeping into from malfunctioning toulets in Womens block. The filth covered the floor and all belongings had to be kept up.

3. The attached files have a detailed account of all ~~the good~~ the fact item/money.
Investigator Tylor Evans was aware of the incident and refused to take Mr. Campbell's statement to file a report.

4. N/A

5. Dianne Flannagan aunt of William Campbell last address
410 Ford Street, Muscle Shoals AL-35661  256-577-2243
Leanne McDonald Fried of William Campbell
408 Ford Street, Muscle Shoals, AL-35661  256-394-1901
Barbara Campbell mother of William Campbell
109 S. West Street, Tuscumbia AL-35674

6.

PLAINTIFFS FIRST INTERROGATORIES TO WITNESS  Leanna McDonald

408 Ford street Muscle Shoals Al.35661

Pursuant to Rule 26 and Rule 33 of the Federal Rules of Civil Procedure Plaintiff requests that Witness Leanne McDonald evidence for the court anwer the following interrogatories in the action of William Oneal Campbell V. Frank Wiliams,et al,Jail Administer Mike, Jail Admisistrator Marcus,Sheriff Frank Williams.,Nurse Doris,Nurse Brandy,and Dr. Bates at the Colbert County Jail 107WEst 4th Street,Tusumbia,Al 35674; On Sept.20 and 23,2019 ,the United Sattes Postal Service returned undeliverable the copies of the order mailed to Nurse Brandv,Nurse

Doris, and Dr.Bates, with the notation,"Return to Sender -Refused." (Doc.19-21). U.S.Magistrate Judge Stacu G. Cornelius Done this 9th day of ecember,2019 "Orders in Case No.3:19-cv-00354-LSC-SGC UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF ALABAMA NORTHWESTERN DIVISION :Orders the plaintiff William Bneal Campbell to supply the court with the complete names of these defendants,together with their current addresses,within thirtbv (30) days from the entry date of thiws order.Failure to do so may result in dismissal of these defendants from this action.

Copies of the order mailed to Jail Admistrator Mike,Jail Administrator Marcus,and Sheriff Frank Williams were.not returned as undeliverable.The Oder directed these defendants to submit a waiver of service within 40 days of the entry date of the order and to file a special report within 60 days of that date.(Doc.18). Jail Administrator Mike,Jail Administrator Marcus, and Sheriff Frank Williams have bot submitted waivewrs of service or filed special reports within the time prescibed.The Undersigned ORDERS these defendants to submit waivers of service within ten )10) days from the entry date of this order and to file special reports or otherwise repond tot he plaintiff's allegations within twenty-one (21) days from the entry date of this order.

Pursuant to Rule 26 and 33 Federal Rules Civil Procedure Plaintiff

 Competent to make Statement, I ROnnie Barnett puruant to 28
U.S.C § 1746 make the following statement hereto;Case No 3:19-
cv-00354-LSC-SGC.


   I Ronnie Barnett was incarcerated with William Oneal Campbell
at Tuscumbia City Jail for several months. While Ix was there,they,jail
official's, medical provider's did not give him his proper medications.
His sugar was over 300 everytime he took it,they told him to deal
with it,and also took him off his medications for his sugar Med-
iphormine.I was in the cell with him and the women inmates would
flush the toilets and the waste water,raw sewage would flood the
cell.

   I state that we put in grevience to and told Heganboff and
Chief Settiff and theyordered, Deal with it.He told the Jailor
and he said 'tell us to deal with it.

   I will testify on Plaintiff William Oneal Campbells behald
for evidence to be considered that is contrary to Defendants Special
Report of Jail efendants.

   Four [4] months we used our own towel to try to stop,keep
the Human waste water out. We do have pitchers of these incident's,
thereto, they also treated William Oneal Campbell different than
the other prisoners there.

RonnieBarnett: Ronnie Barnett #168660

   LimestoneC orrectional Facility
   28779 NickD avis Road
   Harvest Al., 35749
   Date:_____

Campbell:28 U.S.C.§ 1746 :

§14-6-103 Size,etc.,of jails,etcv

Each county jail or town or city prison must be of sufficient
size and strength to contain and keep securely the prisoners
confined therein and must contain separate apartments
for men and for woman.It shall be foreproof,properly
ventilated.suifficiently lighted bv dav and night.adequatelv
heated and contrain adequate sanitarv plumbing and sewerage.
"Nicholson v Choctaw County. 498 F.Supp. 295 (S.D.Ala.1980): _en___
_____ _____ ____ ____ _____ ____ crowded _____
_____ ___ ___ ___ The women would flosh
It would run on us piss an waste we told them
They said deal with it.

What was the specific conditions of vou'r jail: The Jail smelled
we ask over over agen to fix it. The health
Dept would come in an we tell them fixit it
nothing would be done he would say I'll right it or
fix it never fixed finally one day I beg the Jailer
Chub ricks, and He let me go back in the chase
and fix it the toilet water was comeing on our side
The Jailer was bring drugs and cell phones in

§ 14-6-98 Monthly report to Board of Corrections. The
sheriff of each county in this state and the chief of police
or town marshall shall mail to the Board of Corrections,not
later than the tenth dav of each month,a full and complete
statement for the previous month of the number of prisoners in
jail o rin the town or city prison,designating them bv race and
sex,stating their physical conduition as to health,the number of
times and dates the jail or prison has been cisited bv the county
health officer and bv the city health officer and such other detailed
informqatiopn as may be required bv rthe board
for this purpose necessarv blanks shall be furnished bv the board.

§14-6-95.Jails,etc.,to be kept clean,etc. The sheriff,chief of
police,ktown marshal or other keepers of jaols or prisons or the
keeper or manager of the almshouse shall keep their respective
jails,prisons and almshouses in a clean and sanitary condietion,shall
use everv means and effrort to prevent spitting on the floors and
the walls of the jails,prisons and almshouses and shall exercise
everv precaution to prevent ther spread of disease among inmates.
Choctaw County 498 F.Supp.295 (S.D.Ala.1980): They did not do these
once a month they Klean the toilet want tore up, did
not do nothing told us deal with it we fixed in these
3 months

Campbell:28 U.S.C.§ 1746 :

§14-6-95 Size,etc. of jails,etc

Each county jail or town or city prison must be of sufficient size and strength to contain and keep securely the prisoners confined therein and must contain separate apartments for men and for women it shall be fireproof properly ventilated artificially lighted by day and night adequately heated and contrain adequate sanitary plumbing and sewerage Nicholson v. Choctaw County 498 F Supp 295 (S D Ala 1980);

*[handwritten annotations, largely illegible]* ... The women would flush It would run or us piss on waste ... They would would smell it ...

what was the specific conditions of your jail. The Jail smelled ... and I had other men to do to. The ... would come in and ... them flush it after ... the whole day I'll right it. Ex of water first ... one day I beg the Jale ... their picks and do ... but in the chair and fix it the toilet water was ... Before we ... The Jale we done always ... things in

§ 14-6-98 Monthly report to Board of Corrections. The sheriff of each county in this state and the chief of police or town marshall shall mail to the Board of Corrections not later than the tenth day of each month a full and complete statement for the previous month of the number of prisoners in jail or in the town or city prison designating them by race and sex,stating their physical condition as to health the number of times and notes the jail or prison has been visited by the county health officer and by the city health officer and such other detailed informationm as may be required by the board for this purpose necessary blanks shall be furnished by the board

§14 6-95 Jails,etc .to be kept clean,etc. The sheriff chief of police .town marshal or other keepers of jails or prisons or the keeper or manager of the almshouses shall keep their respective jails prisons and almshouses in a clean and sanitary condition shall use every means and effort to prevent spitting on the floors and the cells of the jails prisons and almshouses and shall exercise every precaution to prevent the spread of disease among inmates Choctaw County 498 F Supp 295 (S D Ala 1980) *[handwritten text, illegible]*

*[handwritten text, illegible]*

WILLIAM ONEAL CAMPBELL AIS #:277831 For cause plaintiff's First

   INTERROGATORIES TO DEFENDANT COLBERT COUNTY ALABAMA

 Pursunt to Rule 25 and 33 of the Federal Rules of Civil Procedure.Plaintif

William Oneal Campbell requests that defendqant Colbert County

Alabama and the County Commission answer the following interrogatories:

 1:      Please describe in as much detail the training required

of Police department officer's for City of Tuscumbia Alabama

training received,City Policy,Custom,Procedure,Practice that

governs detectives,Police Officers,Police Department ofdicials

reports of arrests,suspects,County,City Jail processing,booking's

proceeding Dec.1st 2019 into the present time of this request

?·_____

_____

_____

_____

_____

_____

 2: Please identify all officials for formubating,responsible

for implementing and monitoring compliance with the policies,procedures,and

practices in your response to interrogatory #1 ?_____

_____

_____

_____

_____

_____

 3:      Please describe in as much detail as possible every

policy,procedure,practice,arrest statustic,statistics and miunicipailitv,

municipalities failure to train the officer's allegations made

?·B*SS:_____

_____

                  -1- Interr's  Colbert County/Def's  [  ]:

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF ALABAMA

NORTHEASTERN DIVISION

WILLIAM O. CAMPBELL,

PLAINTIFF,


_VERSUS

FRANK WILLIAMS,

NURSE BRANDY BULLOCK

Dr. Bates, Colbert County Jail

Quality Correctional Health Care

Doris PickertonCaptain Higginbaugh &  Chief II Set-

liftParties ¶ 1-6 Second amended Complaint Pg's.1-19 fully incorporated herein


ccase no.  3:19-cv-00559-MHH-SGC

OBJECTIONS TO MAGISTRATE
REPORT AND RECOMENDATION

"I":      6.18 approximately year 2021 of June,Plaintiff a prisoner
receive Doc.# 18-1:      assigned to limestone correctional facility,
Access  to Law Library ,assistance to answer said Doc. within 14
daty's of 06/10/2021 pg's 1-21 herein,.Courts hold a pro se plead-
ings to a less stringent standard than a pleading drafted by an
attorney ,or the Magistrates professional art of litigation attempt-
ing to cover up the fact's and mislead the court , and  this Hon-
orable court construes it liberally.See Jones v.Fla.Parole Comm.
787 F.3d 1105,1107 (11th cir.2015).

Contrary tips, to the Magistrates Report and Recomendations
that raise a right to relief above the speculative level. Saunders
v.  Duke 766 F.3d 1262,1266 (11th cir.2014(internal quotation marks
omitted).

21 June 2021 Plaintiff herein  established  and presents his
objection to saying recomendation hereto.

II.Proc edural Historty

11 27 2019 plaintiff filed an second  amended complaint,naming
original complaint defendant's "Frank Williams,Colbert County,Alabama:
Colbert County Commission;Jailer Mike,Jailer Marcus,Chief Setlift,
Captain Higgenbaugh;Colbert County Medical Supplier;Nurse Darce,Brandy
Bullock,John doe,M.D.,and Atorney John McKvey. William Oneal Campbell,[HEREINA
HEREINAFTER "CAMPBELL] Campbell seeks declaratoru,injunctive,and monetary
reliefCampbell invoked 42 U.S.C.§ 1983 pg.-2- second amended complaint,
28 U.S.C.§ 1331,1343(A)(3) and 1343(A)(4);(4);;18 U.S.C.§§ 241;242;245
and the UNITED STATES CONSTITUTION. "PG._#_ (Amended Complaint,[hereinafter

(A.Compl.                        --1-

"Ala.Code's 1975 §§ 12-14,11-12-15(A(, 11-14-10,11-14-20,11-16-28,
14-6-81,14-6 81,14-6-96,14,6-105; ¶'s 1:2 Colbert County ;Defendant
2:Frank Williams Sheriff of Colbert County Jaild Ala.Code §§ 11-14-
21,11-16-29,11-6-1,14-6 4,14-6-8,14-6-17,14-6-19,14-6-21,14-6-40,
14-6-94,14-6-95,14-6-96,14-6-97 (1975).-4- "Keeper of jail Colbert
County Mr.Mike and Marcus(Marcus Rutland EXhibit A Affidavit Case
No.3:19-cv-00354-LSC-SGC pg.1-8 thrue pg.8 of 8 incorporated herein)
Jail Administrator Marcus ,[SIC] Michael Williams ,Doc.25 Filed
12/18/19 Case Id. (Doc.26 ACKNOWLEDGMENT AND WAIVER OF SERVICE
OF DEFENDANTS WILLIAMS,"MIKE, AND MARCUS Id.)Mike also discriminated
against Campbell and further told inmates about William O.Campbelis
charges and Campbell suffererd physical threats,treatmewnts and
abuse from other prisoner's,could not be placed in any cell without
being abused,his life threatened and attacked thereby inmates,
as these officer's acted under color and in/with the authority
of state law.

¶¶ 4.A.Compl.Colbert County Med.Supplier,C.v.Pro.15.c (Summons
complaint Quality Correctional Healthcare 200 Narrows Parkway,Suit
A Birmingham Al 35242 Summon complaint 9th  evening July that he
deposits the above motice,summons on Quality Correctional Healthcare
 as alleged at ¶ 4 pg.4 second amended complaint·;

        ¶5:The Sheriff,denying,failoure to receive,investigate
report of Plaintiff Campbell uncle burning house,officer's and
3 investigators and are also responsible for loss,theft by deceptoon
and the return of 23,000.00.

  6:     John McKvey was plaintiff' atorney,counsel of record respon-
sible for the representation,protection of his constitutional and
civil rights,equal protections,access to law and authorities,pro-
tections from illegal actions of County and state officials,pro-
tections from the law enforcement as  he Campbell was pretrial
detainee

"Dorsey V.Wallace 134 F.Supp.2d 1364 f11th cir.2000•:Marsh v. Butler 225 F.3d 1243 f11th cir.2000•:C@tingLeather -v.Tarrant County Narc.Intel.< *">>*& 507 U.S.163,168,113 S.ct. 1160,122 L.ed.2d 517:Boston v. Lafayette County 743 F.,Supp.462 (5th cir.90)Desroche v.Shein 507 F.Supp.2d 571 (5th cir.2007):Beathelot v.Jefferson parrish Cor.Ctr.1995 U.S.Dist.Lex.9409 (5th cir.95):Public official's vioilates Federal statutory or constitutional right,Scott,U.S.at,127 S.Ct. at 1774, second,if so, that right was clearly established at the time of the officials derogated tne plaintiff's rightr, According to the 11th circuit said,therefore, Saucer 533 U.S.at 202,Scott U.S.at 127 S.Ct. at 1774,Kelly v.Owens 2008 U.S.Diost.Lexis 7774 (11th cir.2008):Hope v. pe;lzer 536 U.S.730,739,122 S.Ct. 2508,153 L.ed.2d 666 (2004):.See Valencia v.Wiggins 981 F.2d 1440,1445 (5th civ.) Ceert.den.,509 U.S.905,113 (--pg.-5- Am.Compl.) --S.ct 2998,125 L.ed.2d 691 (1993):As County Jail denied Campbell complaints,requests for medical attention/care complaintrs reporting such recuests, misconduct ss, misconduct,Campbell was at the hands of government State official}s acting under color of law.Campbell seel's compensatory and punitive damages against all these violator's references and given notice from his inadequate ability to be provided with the access required and entitled to address said complaint's,and defendant's, Defense attorney's action's, inactions envckes the above statutes and 42 U.S.C.  &§ 1985.Jackson v.Cox (1976) CA5 Tex.540 F.2d 209;Griffin v.Breckenridge made §§ 1985 applicable3 to private actions but stressed that the statute wasd not intended to æach all tortious,conspirat conspiriratorial interferences with the rights of others.18 U.S.C.§§ 241-242,245 , with/also 403 U.S.88,101,91 S Ct 1790,1798,29 L.ed.2d 338*  (1971)4 1983(3) was designed to prevent deprivation of equal protection of the laws and equal privileges and immunities.§ 1988£3•.

The-ex                                   -3-

defendants had denied his due process of law under the 14th
Amendment due Process Clause the United States Constitutition
thereto in violation of 42 U.S.C.§ 1983,1985. The Defendant's
denied Campbell Due Process rights under the 5th,6th,14th Amendments
U.S.Const,thereto infringed the rights under 42 U.S.C.§ 1985.
Plaintiff's claims are not due to be dismissed against the list
of defendant's.Claims are not frivolous,malicious and defendant's
are not immune from damages, or monetary , and state's a claim
upon which relief can be granted. The Magistrate clearly errs,misunderstan
ding the clearly established law's,complaint's, the eleventh
Circuit court of appeals, precedent's holding, or recommendinding
Campbell's fact's and law do not provide and established required
relief;his diligent attempt's to get medical attention,to report
the violation's Campbell attempted to bring to the attention
of the responsible jail ,judicial official's to report said
violation's, and to be given relief,all record,complaint's
adopted,incorporated herein for and by reference ,and considering
pg's 3 II.Procedural History -thrue -4 Mag.Rec, thrue -4 thrue
pg's,.6 Factual allegations "Jailer "Heith Hawkem  the Magistrate
establishes was not named in this lawsuit , who-told Campbell
to "quit being a baby,[and] just lay down." The Magistrate
admits Campbell alleges he thereafter had a heartattack and
stroke,,state of Miss.took custody ,jail physician transferred

him to  hospital,medical staff advised him of the reasons
for having such sufference's,pain & suffering's,unconstitutional
conditions from named defendant's imposing their actions,in-
flicting cruel and unusual punishments ,and are therefore liable
to this prisoner under 42 U.S.C.4  1983."Ancata v.Frison Health
Servides,Inc.769 F.2d 700 £11th cir.85·,wherein this court

-4-

pointed out that medical personnel need not be state employees
in order that their actions be considered state action under
42 U.S.C.4  1983. Murphy v.Walker 51 F.3d 1714 £11th cir.95·£Corrections
officers told him to stop being a baby and he should learn
to live with the pain. Any injury to the head inflicting prolonged
pain and discomfort mandates medical evaluation within a reasonable
period of time.Campbell    was apparently booked into the jail on
Dece7,2018. Law enforcement officers arrested -plaintiff at his residence,
took him into custody.Officer's were notified that he was prescribed
medications,of his medical conditions,officer' advised him ja6l nurse
would take care of him.During booking,into colbert County Jail,Campbell
notified nurse,doctor he was diabetic,--needed certain medications,staff
denied medications,he experienced severe pains daily as a result,
plaintiff aunt attempted to provide his prescribed medications,jail
staff would not accept them. After Campbell had been in custody approximatel
twelve days, mental or and esp.physical distress ,physical discom-
fort associated with bodily injury,acute or emotional suffering,jail
staff told him  to lie down,he would be fine,the following day,his
chest pain worsened.Campbell went to the bathroom,lost consciousness,
fell,hitting his head against commode.Capbell realized he had injured
his head and shoulder when he regained consciousness. The plaintiff
notified a jailer and Campbell was taken to Helen Keller Hosp.before
being transferred to Florence Hospital.Campbel was seen by cardiologist
who had previously treated him.The cardiologist explained to officer's
thatC ampbell's condition was serious and occurred because he was
not taking his prescribed medications.(id.).The plaintiff claims
his heart was week ,that he possibly suffered a stroke. Campbell
remained in the hospital approximately nine days before being trans-
ferred back top the Colbert County Jail.

Campbell struggle to deal with a difficulty,put forward a view
in an argument,an act of complaining,protest,objection,grievance,
medical staff at the Colbert County Jail failed to promptly diagnose
inmates,monitor their blood sugar levels,and provide care for injuries
and infections.The plaintiff further asserts medical staff failed
to offer meal plans for diabetic inmates to provide for their nutrit-
ional needs.Campbell's numerous requests to medical staff for his
prescribed diabetic medications,including Metformin,were deniued.
See 42 USC §§ 12101-12213 ,Fed.R.Civ.Pro.15(a)(b): Harris v.Coweta
County 21 F.3d 388,390 (11th cir.94):McElligott v.Foley 182 F.3d
1248,1255 (11th cir.99)[13-16]:Hinson v.edmond 192 F.3d 1342,1348
(11th cir.99):[The clearly established law "Landcaster v.Monroe County,Ala.
116 F.3d 1419,1425 (11th cir.97):Adams v. poag 61 F.3d 1537,1544
(11th cir.95):Hill v.Dekalb Reg.Youth Detrention Center,40 F.3d 1176,1188
(11th cir.94):

These defendant's, jail house,prison officials violate due process
clause, the eighth Amendment by beiung deliberately indifferent either
toi prisoners existing serious medical needs and/or to the condistions
posing substantial risk of serious future harm.
Campbell alleges imminint danger of serious physical injury under
A.D.A. Defendant's deliberate indifference to inmates serious medical
needs ,eighthAmendment violation and gives inmate Campbell cause
of action under § 1983.Miltier v.Beon,896 F2d 843 (4th cir.90):Cleveland
v.poñicy Mgt.Sys.Corp."Cleveland V.Policy Management Systems Corp.120
F.3d 513 (5th Cir.97):

Although units of local gobernments,such as cities and counties,are
state actors for purposes of Fed.Const.14th Amend,11th Amend.does
not extend its state immunbty from suit by private individuals in
Federal Court.To local units of local government,these intities are
subject to private claims for damages under Americans with Disabilities
Act 42 U.S.C.§§ 12101 et sec :

6

Without congress ever having to rely on §§ 5 ,§5 14th Amend.Board
of Trusties v. Garrett £20010 531  U.S.356,148 L.ed.2d 866,121 S.ct.
955,2001.Chisolm v. McManim,on 275 F.3d 315,328-330 £3rd cir.2001·:Bel-
itskus v. Pizzingrilli 343 F.,3d 632,639 £3rd cir.2003· St.Thomas-
²St.John HGotel & Tour v.Gov.U.S.VI 357 F.3d 297,301 (3rd cir.2004):
The A.D.A. prohibits officials from discriminating against inmates
with disabilities.Art.I § 36,the 1st,4th,5th,6th,8th and 14th amendments
of the United states Constitution.Prison walls,the United States
supreme court haws / has written,do not form a barrier seperation
prison inmates from the protectioon of the constitution. There is
no iron curtain drawn between the Constitution and the prisons of
this country.Turner v.,Safely 432 U.S.78,84 £1987·:Wolff V.McDonkell,
418 US 539,555-56 £1974·: "Riddick v.Bass  586 F.Supp.881,883 (F.D.
Va. 1934):42 U.S.C.§ 12101 et seq. pursuant to its enforcement powers
umddr § 5 of 14th Amend, with intent statute apply to disabled prisoner's.
Amos v.Maryland Dept.of Publ.Safety < Corr.serv.'s.Harris v.Coweeta
County 21 F.3d 388,393-94 £11th cir.94·McElligott v.Foley 182 F.3d
1248,1255 £11th cir.99·:Mackenzie v.City of Rockledge 920 F.2d 1554
flith cir.91·:Pennsylvania Dept.of Corr.v.Yeskey 524 US 206 £1998·:
Inmates generally have a right to food that is sufficient in the
amnount and nutritional qualibty to preserve their health.Several
medical conditions,however require inmates to consume or avoid certain
kinds of food.Also inmates for medical reaqsons, eat more food than
is normally sufficient.If medical personnel order a special diet
for an inmate,Jails and prison official's must carry out the order.
See Riddick v. Bass 586 F.Supp.881,883  E.D.Vao. £1984·:Hafer v.Melo
502 U.S.21,116 L.ed. 2d 301,112 S.Ct.358 £91·:These entities are
subject to private claims for damages under Americans with disabilities
Act.42 U.S.C.S. §§ 12101 et.seq."Gaddis v.Campbell £2003· 301 F.Supp.2d
1310,1311 £Ala.2004·: These constitutiuonal duties merely obliges
states to follow the A.D.A. Act.

-7

Campbell states this is a material fact that insulin dependent diabetics is a physibal impairment under A.D.A. 42 U.S.C.S.44 12101 et.Seq.and eating is major life activity as defined by A.D.A. .That is affected by diabetes.Lawson v.CXS Trand.Inc.f2001,CA7 Ind.· 245 F.3d 916,11 Ad.Cas.1025. These defeddants acting in concert to make one conspiracy to have deny William O.Campbell and possibly other diabetics forced to accept the jaols treatements, or forced,holding custody to endure such said unconstitutional treatements at the hands of jailer's,commoission' in the Sheriff',County,"Id.state of alabama and the benefits of the A .D. A  Act apply. In violation of rightsguaranteed under 8th,14th Amendments to the U.S.Const.Campbell v. Beto 460 F.2d 765 (5th cir.72): Federal courts will not hesitate to intervene when action is clearly necessary to protect a plaintiff' constitutional rights. The Fifth circuit has repeatredly stated,however, that there may be cases in which the deprivation will warrant judicial inquiry and  actioon. Woolsy v. Beto 450 F.2d 321 (5th cir.71):Among other guards, the eighth Amendment prohibition against cruel and unusual punishment, incorporased into the due process clause of the Fourteenth Amenmdment,protec protect's plaintiff Campbell from constitutional conditions of treatment imposed by plaintiff authorities under color of State law, such as,Defendant "Frank Williams,Nurse Brandy Bullock,Dr,Bates,Colbert County Jail,Responsibl Quality Correctional Health Care,Doris Pickerton,Captain Higginbaugh, & Chief II Setlift # 1-6 Campbell' amended complaint pg's. 1-19 fully incorporated herein.These defendants are in violation of the United States Laws,clearly established, "Toyota Motor Mfg.Ky.Inc.V.Williams £2002· 534 U.S.184,157 L.ed.615 :Robertson v. Bradshaw 198 F.3d 645,646,648 £8th cir.1999·:Brown v.Missouri Dept.of corr.353 F.3d 1038,1040 £8th Cir.2004):Lolli v.County of Orange 351 F.3d 400,420 (9th cir.2003):

Campbells numerous requests to medical staff prescribed diabetic medications,including Metformin,were denied. United States v. Gold 743 F.2d 800 822-23 (11th cir.1984)(-     [Pg.-8-



Stating that Corporation could be held criminally liable for acts
of omissions of one of its agents when agent intended to provide
corporation with benefit even though that benefit was secondary to
his primary desire for personal benefit.).See United States v.Investiment
Enter.,Inc.10 F.3d 263,266 (5th cir.93)(Noting that,although corporations
cannot posses ,mental states, a Corporatoion can be held liable for
thge unlawful acts of its agents if their conduct is within scope
of their actual or apparent authority).Actus reus is the physical
aspect of a crime,whereas the mens rea (guilty mind) involves the
intent factor.Blacks Law Dictionary 36 (10th ed.1990).See Mylan Labs,Inc.V.A
Kzo,N.V.2 F.3d 56,63 (4th cir.93)(holding corporation liable for
acts of it employees acting within scope of their employment):United
States v. Bi-Pavers,Inc.741 F.2d 311,316 (7th cir.91)(stating that
corporation is crimibnally liable for the unlawful acts of its agents
when said conduct is within scope of agents actual or apparent author-
ity)(.As well as this requirement is met if the employee has actual
or apparent authority to engage in the particular act in question.See
Bi-Co pavers, inc.741 F.2d at 737 (holding that a corporation should
be held liable for acts committed within the scope of an agents
apparent authority,which is the authority that outsiders would norm-
ally assume the agent to posses judging from his position in the
company and the circumstances surrounding previous instances of conduct.
Actual authority attaches when a corporation knowingly and intentionally
gives authority to an employee.Joel M. Androphy et Al.General Corporate
Criminal Liabildty,Tex.P.J.Feb.1997,at 122.Apparent authority is
satisfied if a third party reasonably believes that the agent has
the authority to perform the act in question."Id." With the addition
of Courts should construe actual authority to include a broad claSS
OF BEHAVIORS THAT MIGHT NOT NECESSARY BE CONDONED BY THE CORPORATION

-9-

BUT ARE NONETHELESS WITHIN THE SCOPE OF THE AGENTS AUTHORITY.See
Somer Ocean TRans.Ltd.v.Indep.REf.Co.783 F.2d 1185,1190 (5th cir.86)(Acts
committed by a servant are considered within the scope of employment
when they are so closely connected with what the servant isw employed
to do,and so fairly and reasonably incident to it,that they maybe
regarded as methods even though quite improper ones,of carrying out
the objectives of employment,)(Quoting Prosser & Keeton,The Las of
tools 502 C(5th ewd.1984).

CDampbell's complaint states a cause of action.Frett v.Gov.Virg,.Islands
839 F.3d 968,978-79 (3d cir.1988)(Upholding verdict wher prison official
knew that inmate posed ser5ious danger to guards and inmates but
nevertheless returned him to the general prisoin population where
perfectly foreseeable harm occured).Smith v.Wade 461 U.S.30 (1983):
Punitive damages are also available.See Carison v.Green 446 Us 14,22,64
L.ed.2d 15,100 S Ct 1468 (1980).§ 1983 derived from §§ 1 of the Civil
rights? act of 1871,17 Stat,13, Carey v.Piphus, 435 US 247,253,55
L.ed.2d 252,98 S ct 1042 £78•:Imbler v, pachtman, 424 US 409,47 L.ed.2d
128,96 S ct 984 £76•:Both modern and as of 1871,1d.at 253-264, 55
L Fd 2d 252,98 S ct 1042;Briscoe v./Lakue 460 US 325 £1983•:New Flort
v. Fact Concerts Inc.453 US 247,69 L.ed.2d 616,101 S Ct 2743 £1981•:
Procunier v. Navarette, 434 US 555,55 L.ed 2d 24,98 S ct 855 £78•:Imbler
V.Pacgtman 424 US 409,47 L Ed 2d 128,96 S ct 984 £1976•:Wopd v. Strick-
land 420 US 308,43 L Ed 2d 214,95 S ct 992 £1975•:Schever v.Rhodes
416 US 232,40 L Fd 2d 90,94 S ct 1683;Pierson v.Ray 386 US 547,18
L Ed 2d 288,87 S Ct 1213 £1967•:Tenny v. Brandlove 341 US 367,95
L.Ed.1019,71 S ct 783 £19512•:

Okdfficials had a duty to bprovide medical care,treatment to
inmate.See Deshaney v.Winnebago County Dept.of Soc.Serv's. 489 U.S.189,
199-200 £1989•:Standing to Sue £1• an actual or threatened injury
£2• that is fairly traceable to the conduct of the defendants £3•
that can be remedied by the court._Steel Co. V.Citizens for a

better environment 523 U.S.83,102-03 £1988·:Wolff v.Cash 4 Titles
351 F.3d 1348 £11th cir.2003·£Art.III of the Constitution confines
the reach of federal jurisdiction to cases and controversies.Alabama
0-' Tombigbee Rivers Coalition v. Norton, 338 F.3d 1244,1252 £11th
¢omb2003·:(quoting United States Constitution Art.III § 2, II.A.[1,2]
1353:Sell v. U.S.(20003) 156 L.Ed 2d 197,at 217.Estelle v. Gamble
429 US 97 (1976).Id.103. The Constitution gives inmates a right to
treatment for serious medical need.Butierrez v.Peters1¶I F.3d 1364,1370
(7th cir.97):Ellis v.Butler 890 F.2d 1001,1003 & N.1 (8th cir.1989):WAshing
v.Dugger 860 F.2d 1018,1021 (11th cir.1988)?: Farmer vf. EVrennan
511 U.S.825,832,114 S.Ct.1970,128 L Ed 2d 811 (1994)(Eighth amendment():Des'
Deshaney, 489 U.S.at 200,109 S.Ct. 2452 (Substantive Due Process):Colligan
v. Milwaukee County 163 F.3d 982 (7th cir.98):Coaler v.Casey 97 F.3d
914 (7th cir.96): 42 C.,S.C.4 1983 :Gomez v. Toledo 446 U.S.635,640
(1980).As required by clearly established law.Cambell alleged and
the Magistrate admitts within the pages of Recommendation 1 - 8 thrue
pages 20 that some person as he descrites has described him of a
fedxeral right.Campbell has alleged thatthe person who has deprived
him of that right acted under color of state law.See Monroe v.Pape
365 Us 167,171,5 L.ed.2d 492,81 S ct 473 (1961).Plaintiffs have made
both allegations.And Defendant's act under Color of Alabama Law,See4
monroe v.Pape 365 Us 167,171,5 L Ed 2d 492,81 S ct 473 (1961):Battista
v.Cannon 934 F.Su-pp.400 (M.D.Fla.96) at 403 [4] Id.:Dixon v.Burke
County Ga.303 F.2d 1271 (11th cir.2002):at 1275:Edwards v.Wallace
Com.Col.49 F.3d 1517 (11th cior.95).Use of State authority on position's.
L.Rech v. Clayton County Ga. 335 F.3d 1271 (11th cir.2003) at 1359-
1360:Farrow v.West 320 F/3d 1235 (11th cire.2003)[18 month delay
inm medical treatment constituted deliberate indifference to his
serious medical need and violated his constitutional; rights under
the Eighth amendment.].Carswell v.Bay county 854 F.2d 454,456-57
(11th cir.1980)(Quoting West v.Atkins 487 U.S.42,54,108S.  :[SIC]

487 U.S.42,108 S Ct 2250,101 L.ed.2d 40 (1988).In Murphy v.Walker

51 F.3d 1714 (11th cir.95) corrections officers told him to ":Stop

being a baby " and thatr he should learn to libe with the pain.Any

injury to the hjead inflicting proßonged pain and discomfort mandates

medical evaluation within a case.Chaney v.City of chicago 901 F.Supp.266

(N.D.All.95).Deliberate indifference by prison personnel to a prisoners

serious medical needs constitutes cruel and unusual punishment, in

violationm of hte Eighth Amendment.Estelle V.Gamble 429 U.S.97,(1976):

IV.TheMagistrate admite at pg's 3 Plaintiff alleges he was subject-

ed to unconstitutional conditions of confinement with ,while left

on a concretye florr in the colbert County Jail.When it rained, water

would leak into the jail.Rain would fall on the plaintiffr,leaving

him cold and wet even though jail staff and trusatees set out buckets,CaMPBE

Campbell complains his jaðl officials retaliated against him because

he conpiained about the unconstitutional living conditions and filed

a lawsuit regarding the same.His contention's should be clear ,Jailor's

described above herein , the responsible official's, and  Jailer's

Mike, informed other inmates of his sex offender status and pending

charges,causing Campbell to suffer threats and abuse by other inmates,

Campbell was transferred to Tuscumbia City Jail in ac.2018,where

he remained until Aug.2019.Campbell asset5ts wastewater would pour

onto the floor of the cells every time the toilets flushed on the

women's side of the jail. Campbell submitted pictures of what he

alleges is wastewater in the jail.Doc.17).(2) his feet swelled due

to his diabetic condition and being forced to walk through stool

waters; and (3) he suffered a stroke after contracting hepatitis

at the jail. Campbell also contends complains that he was a trustee

at Tuscumbia City Jail in 2019, but Chub and Chief Setdlft placed

him on lockdown due to his status as a sex offender,thereby discriminating

against him.

-12-



Campbell requests the court to consider the proposed ,included
witnesses who have supplied there addresses, and would testify to
the contained statements enclosed herein.Item #1 Certificate of mailing
delivered to prison officials for mailing to Chub ricks Circle drive.
Leighton Al.35646  Day 7 June 2020,Chub Riches answers to interrogatories
1 - 5 incorporated :Answer to interrogatory #1.April 2018.January
2020.I worked at the Tuscumbia City Jail,where I worked as a jailor
there. Answer to Interrogatory #2. I completed a  2 week jail academy
class in Sept.2018 after working for 5 months with absolutely no
training at all. During the 2 week jail academy I learned the basic
training of how to work with the iinmates learned about their rights
proper way to protect them from hazardous situatrionsm,what to do
if something goes bad.etc. Answer to interrogatory #3.I really was'nt
around any handling,amy Handly & Campbell at the same time because
we worked opposite shifts.all I know is that she was giving the inmates
drugs and phones.Adbentually she was set up and caught and was fired.
Answer to Interrogatory #4.  Captain Steven Higginbothom 256-383-
3121 Sgt.Joy White 256-383-3121,Chief Stuart Setliff 256-383-3121:
Answer tointerrogatory #5.Investigated an incident where the males
allegddly had a cell phone and were calling out to people that worked
in the rehab center.Also officers conducted a search when I was'nt
present to see if males had a cell phone.They said because they were
on the unit.An incident which the females admitted that officer McMinn
gave Brittnay Burcham a cell phone and password to with and that
is how the males got it.Investigators numerous times about commode
overflowing and running into the floor.Told Captain about it every
time don't remember what he said exactly but he was not concerned
with it. I took notes on all this qand every single amd documented
it in my notes.Had to move males from __ because  of this many times.Had

-13-

_____ to come out but the problem never got fixed corr4ectly. Invest-
igated an incident where the males were getting things thrue the
chase from the females.The females were getting them from Chelsie
Gregory and she was getting them from Amy Hundly.Investigated an
incident where officer's claimed that Will campbell was the one behind
bringing in Contraband. I did not find anything to prove that he
was.There was numerous times where Campbell repprted to me that other
officer's would not allow him to check his blood sugar on many different
occasions.Captain Higgenbothum ,_____ and thge other nightime officer's
were involved in mgst of this/.While I do not work the nights so
I am not completely sure to what happen exactly because I was not
there.

Item #3.Pursuant to rule 26 & rule 33  Fed.Rules Civ.Pro. Interrog-
atories to  Witness Subject Matter Dianne Flannagan 408 Ford Street
Müstke Shoals Al.35661

Grteeting's. You may know respectfully,Interrogatory is defined
a written question (usu.in a set of questions) submitted to an opposing
party in a lawsuit as part of discovery.Please see Blacks Law seventh
Edition page 838):Pursuant to rule 26 & Rulh 33 of the Federal Rules
of civil Procedure plaintiff William Oneal Campbell is in a suit
at law and requests that you witness and answer the following interrogatorie
1. Please identify Mr.William Oneal Campbell,Colbert County Jail,mConditions
Contact's,meeting's, care's you have knowledge of,medical condition's,pres-
criptions by doctors if any,what was prescribed and ty who what was
advised,of William Oneal CAmpbell,whether condition complex,that
he needed ais medicatrion's his medication's for his health,safety.(Please
answer in the lines provided hereon,and if more space is needed please
include extra space/page explaining if neccessary :?Answer's:When I
saw William,campbell he had been moved from Colbert County Jail to
tuscumbia City Jail,the jail cell was inhuman there was a smell like
urine and feces,the cells had sewer water standing in them, The County

Jail,did'nt smell nice eitcher when i went to put money on his book. I knOw he had been prescribed,Merformia for his diabetese,Blood Pressure med's.

   2.   Please describe in as much detail as possible Tuscambia City Jail,Cap't.Higgin,Chief II Settlift,you'r observances,contacts,what was the condition of the jail,Mr.Campbell herein ?It was horrific,nasty,dirty Inhuman for anyone to be locked up in those cells,smelled of sewage there was actually raw sewage  seeping into the cells everytime the women in -- flushed their toilets.In so much the men had to keep everything off the floor.

   3:   Please identify Mr.Campbell ',Grandfather,Grandmother' belonging's ani Mr.Campbell's possession's value in money taken,describe in your response all officials contracted,investigated and or refused to investigate theft of belonging's, monies,who you have reported to if any,what and how you attempted to,or have reported to and how you have reported to received and answered you'r request's, complaints, etc ? Items taken belong to William Campbells grandparents Calvin an Laura Flannagan, value in money for grandparents taken was  over $13,000.00 adding Williasms $6,325.00 plus $1500.00 for 2006 Buick Rendevoue.Total  $25,000.00 and nothing was done about it. I was told by Tyler Evans after talking to his supervisor since William lived there he had to file report.

4.ITEM # 4:PLAINTIFF INTERROGATORIES TO WITNESS BARBERA CAMPBELL PROPOUNDED, NOMINATE: Address 109 West Street Tuscumbia,Ala.35647:

Pursuant to Rule 26 & 33 of the Fed.R.Civ.Pro.Plaintiff requests that witness Barbera Campbell "Id", answer the following Interrogatories:

   1:   Please identify all positions and titles,with corresponding dates of incarceration that you have visit William Oneal Campbell at Colbert County Jail,Tuscumbia City Jail,Populous,police departments,sheriff department's jails conditions, treatment's,describe you'r visits,each officer position & title ? (Written question's answered, underlined) July 20-19 - Sept.30 19.-I went every Monday to take him thing he ask for Coffeemcream,Dip,Cracker, and chips (Offie

-14-

Chubb Ricks was officer,very nice person.It smell like pee urine the last month he was at the City Jail Tuscumbia.He was not fereline good at times,sugar wasnt good,High and made him not in good condition.Well his Heart is not good.Had a Heatattack in coplbert Jail didnt get his med.on time.Went to ECM stay there 5 or 6 days could not see or talk to him there was a lady office not very nice at ail.

2.      Please describe William Onea1 Campbell in as much detaiil as possible, the condition,prescription,treatments,the complete circumstances surrounding you'r visits,contacts,of Interrogatory #1 above ? He looked tired,give out eye red from hurting and not sleep good.He hurt a lot.   could tell by talking and look at him he was not health needing a lot care and meds he needed be needed [SIC] and meds he needed blood pressure med,sweet med's,nerve meds,& need better care. [Pg.-2- of [   ] Interrogatories Barbera A Campbell .] §¶ 3: Please describe in as much detail as possible the compl;ete circumstamces surrounding all other instances in which you have visit William Oneal Campbell.Incllude in your response the circumstances surrounding any visit or complaint,denial or rude application,treatment,deprivation and/or disorder response? When I would go see him his feet would be busted open sugar high over 300.

Pg.-4- of[4] Interrogatories Barbera Campbell ¶.8:Please describe any other State,if Mississippi you have picked,delivered William Oneal Campbell to whom.If possible please describe subject,condition, pickup,release moreover,delivery of said William Oneal Campbell and descxribe/describe in as much detail as possible the complete circum- stances surrounding his delivery,include in your response the circum- stances,subject of delivery,information,reasons William Hospitalizat- ion resulted,occurred,reasons,verifications ? [ANSWER UNDERLINE]

The Dr.there thay said his muscle were deteriorating.He-had  Heartacke
in Missippi,and was in the hospital, and I went and picked him up.He
had been in Colbert County Jail before Mississippi came and got him.
I talk to them about getting him out and they Frank Wiloliam told
me thay Had warrant on him in Mississippi,but could'nt tell me where
so after I talk to him to getcut.Thay come from Mississippi and got
him out.And the Judge down there let him go,and he haddown there the
Dr.at Hospital said he need surgery.But I went and got him.

Item # 5.Curtis Wicker Competent to make the following statement
hereto:

Item # 6.Case:3:19-cv-00354-LSC-SGC Doc.#:24-1 Date Filed :12/09/2019.
Plaintiffs FIRST INTERROGATORIES TO WITNESS LEANNA MCDONALD 408 Ford
Street Muscle Shoals Al.35661

Item #.7 Statement of Ronnie Barnett,Case No.3.190cv0354-LSC-SGC
:

Item # 8:JAILS § 14-6-103/14-6-98 William Campbell, Interrogatory
Party.

Item #9:William Oneal Campbell AIS #:277831 for cause plaintiff's
first interrogatories to defendant Colbert County which has not been
answered or returned hereto,and theCourt is requested to require,direct
Colbert county defendant's to answer Item # 9 aboard.

iV:How the Magistrate concludes the plaintiff's claims are due
to  be dismissed for failure to state a claim upon which relief may
be granted.Many decisions uphold the right of state prisoners to bring
federal civil rights actions to challenge the conditions of their con-
finement.See Cooper v.Pate 378 US 546,12 L.ed.2s 1030,84 S Ct 1733
(1964);Houghton v Shafer 392 US 639,20 L.ed.2d 1319,88 S Ct (2119)(1968),
Wilwarding v Swenson 404 US 519,30 L Ed 2d,652,92 s Ct 504 (1972);H07 (1971);Haines'

-15-

The magistrate errs missapplies the law,facts,complaint's,misrepr-
esents the issues,said complaint's hereto.See4 Jones v.Brock 549 U.S.199,215
(2007),Tolbert v.Eymen 434 F.2d 625,626:Goebert v.Lee COunty 510 F.3d
1312 (11th cir.).Congress intended to include in their entirety the
two primary categories of suits brought by prisoners-applications
for habeas corpus relief# pursuanto to 28 USC § 2254 and 2255 [28
USCS §§ 2254 and 2255] and actions for monetary relief uynder 42 USC
§ 1983 [42 USCS § 1983].MCCarthy V Bronson £1991· 500 US 136,114 L.Ed.2d
194,201,111 S ct 1737. Gates v.Cook 376 F.3d 323 £5th cir.2004·£holding
certain conditions,insect infestations,filthy conditions,faulty plumbing-
were unconstitutional·:Valdo v.Crosby 390 F.Supp.2d 1084 £M.D.Flqa.2005·£Pur
cell ex rel.Estate Morgan v.Toombs County 400 F.3d 1313 (11th cir.2005)(defe
ndants failed to protect him from assault of other inmates):RiccRDO
V.Rausch 375 F.3d 521 (7th cire.2004)cvert.den.,125 S.ct. 1589,16
L.ed.2d 276 (U.S.2005)(reversed and remanded district court's holding
where a jury awarded $1.5 million in compensatory damages to plaintiff
whon claimed that defendant failed to protect him,--assault from his
cell mate after notifyiong the defendant that he was in fear of his
life.Plaintiff claimed that cellmate was a gangmember,and that he
feared attack from the gagng.) Whiting V.Marathon County sheriff's
Dept. 382 F.3d 700 (7th cir.2004)(Deliberate indifference subjecting
to material harm).DEliberate indifference towards plaintiff's health.
Revels V.Vincenz 382 F.3d 870 (8th cir.2004):Ziamba v.Armstorpong
433 F.Supp.2d 248 (upholding award 100,000 in punitive and 150,000
in compensatory damages).Eutera v. Cottey 285 F.3d 601 (7th cir.2002):Pagels
v. Morrison 335 F.3d 736 (8th cfir.2003):Adams v.Perex 331 F.3d 508
(5th cir.2003).Rangolan v.Couinty of Narsau 370 F.3d 239 (2d cir.2004).
    Sanders v.Yeager 57 Fed.Appx.881 (10th cir.2003) compensatory &
    punitive damsges ,he slipped in pool of water on the floor & sewage
    from toilet left a constanb pool of water in the floor.);Bozeman
    Orum-

422   F.3d 1265 (11th cir.2005()ænfra)(:Medical Defendant,Dr.Bates,Quality
Correctional Healthcare,Doris Pickerton,Brandy,All listed defendant's
trying to evade the law that is and was clearly established or
is being allowed to cover up and/or obstruct such policies,proced-
ures,legislative enactment's, statute's and law,anf his court's
duty is being mislead.SeEMandel V.Doe 888 F.2d 783,794 (11th cir.89):Sher
Sheriff.Cullman County Jail,Turner v.Upton Cnty 915 F.2d 133,136
(5th cir.90): Hare v.City of corrinth 74 F.3d 633,649 (5th cir.96):
Bozeman (Supra) 422 F.3d 1265,1272-73 (11th cir.2005)(delay in
administering or seekihg or administering medical attention for
an inmate whop appeared to have asphyxiated involved obvious risk
to the ænmates health (Citing Farmer 511 U.S.at 842).Lòlli V.Cnty
of Orange, 351 F.3d 410,420-21 (9th cir.2003)(holding that prison
official's were not entitled to  qualified immunioy because it
was obvious that a pretrial detainee suffering from diabetes needed
food,and that therefore a jury could find that the officials inferred
from this information that [the plaintiff] was at serious risk
of harm if he did not receive the food)(citing Farmer 511 U.S.
at 842)(engrarke v.Wisceski 266 F.3d 429,436-38 (6th cir.2000)(holding
a prison physician was not entitled to qualified immunity for his
inadeq2uate treatment of an inmates serious abdominal condition
because he failed to take the--that hús training indicated was
necessary and the risk was necessary  of harm was extreme and ob-
vious to anvone with a medical education and to the most lay opeople
such that a factfinder may conclude that [he] knew of a substant·
ial risk from the very fact that the risk was obvious)(quoting
Farmer, 511 U.S.at 842).

 Prison officials may be held liable for his or her policy affecting
pretrial detrainies that deprives them of basic human needs,includ-
ing sedequate medical care, if the official knew of a substantial

------------------------------------ risk of harm to detainies
but responded with   deliberate indifference to that risk,In such
a situation,the officials policy itself is a repudiation of constitution-
al rights and is the moving force of the constitutional violation.Cozzo
v. Tangranos Parish Council-President Gov. 279 F.3d 273,289 (5th
cir. 2002). To prevail a § 1983 claimmant newed not show that a
prison official acted or fasiled to adct believing that harm actually
would befall an inmate;it is enough that the official acted or
failed to act despite his knowledge of a substantial risk of serious
harm.Farmer v. Brennnan 511 U.S. 825,842,114 S.ct. 1970,128 L.ed.2d
811 (1994)[(@]t does not mattrer whether a prisoner faces an excessive
risk of harm for reaSAOSNS PERSONAL TO HIUM OR BECAUSE ALL PRISON ERS
IN FIS situation face such a risk.Id. at 843. We do not require
a prisoner seeking a remedy for unsafe conditions to await a tragic
event such as an actual asasult or,as/or a death, before obtaining
relief.Id.at 843.Cates v.Cook 376 F.3d 323 (5th CDir.2004);

Campbell herein a pcetrial detainee had a clearly established
Fourteentn Amendment right bot to he denied medical care as a result
of defendant's deliberate indifference.Hare v.City of Corinth,Ms.74
F.3d 633,650: Detainees physical injury,allowed oportunity to
amemnd Sanders v.YTeager 57 Fed.Appx.881 (10th cir.2003) Compens-
atory damages ,& punitive damages,he slipped in pool of water on
the floor & sewage from toilet left a constant pool of water in
the floor. Bozeman v.Orum "Supra. The resored contsins evidence
of a systematic failure of medical care of the type that this court
found present unconstitutional conditions in Shepard v. Dallas
County 591 F.3d 445,453, the plaintiffr indicted the entire jail
medical system as a cause of his stroke.

Considering any and all the above,Campbell's complaint's, there
is genuine dispute as to any material facts and plaintiff is en-



titled to judgment as a mmatter of law.This Honorable Court must/may
view the facts and the inference to be drawn from them in the light
most favoreable to the plaintiff. Wyatt v. Hunmt Plywood 297 F.3d
405,409 (5th Cir.2002).See also Hare v.City of Corinth #9 74 F.2d
633,636 (5th & 11th cir.96)(enm banc) Brown v.Bolin 500 Fed.Appx.
309 (11th coir.2012).Oxentine v.Kaplion 241 F.,3d 1272,1278-79
(10th cir.2001)(holding that the failure to refer an inm,ate to
a specialist after he showed signs of _____ following a surgical
procedure posed an obvious health risk).McEkligott v.Foley 182
F.3d 1248 (11th cir.99):(Nurses,medical staff deliberate indifference)
Thomas v. Porytrut 614 F.3d 1288,1313 (11th cir.2010)(denying qualified
immunity to jail officials).See McElligott 182 F.3d at 1258 & n.7
Dowsey v.Wallace 134 F.Supp.2d 1264 (11th cir.2000)(Marsh v.Butler
225 F.3d 1243 (11th cir.2000)LCiting Leather-- v. Tarrant Cnty
Narc's.Int.& Cor.'Unit 507 U.S.163,.168,113 S.Ct.1160,122 L.ed.2d
517 (1993): Jail pre-trial detainee right to medical care Boston
v.Lafayette Cnty. 743 F.Supp.562 (5th cir,90):Degrade v,..Shain
507 F.Supp.2d 571 (5th cir.2007):Bertholt v.Jefferson Parish Cor.Ctr.
1995 U.S. Disc. Lex.9809.9409 (5th cir.95). Public officials violates
federal statouory or constitutional right.Scott.U.S. at 127 S.ct.
at 1774,second if so,that right was clearly established at the
time of officials derogated the plaintiff's rights. Saucer 533
U.S  at 202. Scott U.S.at 127 S.Ct. 1774;Kelly v. Owens 2008 U.S.
Dist.Lewis 7774 (11th cir.2008):Hope v. Pelzer 536 U.S. 730,739,
122 S.ct. 2508,.The propriety can be determined by examining prisoners
allegation in the light of the prisons medical records,mental health
record's,madical care ,Jail house record's,Newman v.Ala.503 F.2d
1320,1329:W.J.Estelle Jr. Dir.Tex.Dep.of Cor.50 L.ed.2d 883:U.S.V.Jack-
son 318 F.2d 1:Jackson v.Hamm 78 F.Supp$.2d 1233  11th Cir.99):

Plaintiff's ?second amended complaint pg's 1 -19 fully incorporated
herein provides and requires with this objection's hereto Campbell's
right to relief and the actions statutes he envokes hereto.

_____22 June 2021,Sign for:_____This objection was received
at Limestone C.F. and having just 2 day's to hustle to the Access
law library to review said R.R.M ag's.and what  access provided
on this side of the bench in chains,fenced,Plaintiff respecrfully
submitts his objection's to this Honorable court this  23 evening
June 2021 with certificate of mailing servfice and copy fpr the
defendant's since there are possibly many counselor's,
Respectfull submitted: William O.Campbell of prose:

*[signature]*

28 U.,S.C.§ 1746

## CERTIFICATE OF MAILING SERVICE

William O.Campbell deliveres these legal document's objection to
prison official's for mailing this 23 Eveni9ng June year 2021 for
mailing.Houston **v.** Lack 487 U.S.266,271-272 (1988):Garvey v.Vaughn
993 F.2d 776,780 (11th cir.93):McCloud v.Hooks 560 F.3d 1223 (C.A.11
2009): 28 U.S.C.4 1746

William O Campbell Pro se.AIS #:277831

*[signature]*

Limestone Correctional Facility J. "5.Cell

28779 Nick davis Road

Harvest al., 35749

-21-

Case 3:19-cv-00354-LSC-SGC

§   WILLIAM ONEAL CAMBELL,

§   PLAINTIFF,

§   [SHERIFF FRANK WILLIAMS

§   DEFENDANTS

_____

Curtis Wicker competent to make the following statement hereto;
United States Code Service § 1746 deposes/say's;

1:        I Curtis Wicker uponntimes relevant to the events alleged
in Uniteed States District Court For the Northern District of alabama
Southern Division  '*  Supra and am a witness ,was  housed,in-
carcerated with William Oneal Campbell,and am over the age of
(19) years and to the events alleged by Plaintiff therein '*',
supra,and for purpose/particular's, this affidavit,being from
December 2018 to the present

2         I Curtis Wicker was with William Oneal Campbell at
the Tuscumbia City Jail for several months While I was therein,Correctional
officer's at the jail did not give him medication's. MR.Campbell'
sugar level was high ,ebery time he took it,they told him to
deal with it,also took him off his medication's, for what he
said was Mediphormine  I was in a cell with him and the women's
sttol water,fecies waste from human s , toilet water,raw sewage
would flood the cell where we were confined,raw sewage would
flood the cell We put in and tried and complained ,attempting
to put in complaint's  and were continuously ignored,.We did
get Capt.Heganboff and Chief Settiff attention and they  mocked,ordered
us to deal with it ! We told the Jailor numerous time's, and
they said tell us to deal with it

3:        I would testify subject to this proceeding,and provide
evidence showing such unconstitutional inhuman condition's  that
went on and are probobly still going on covere3d up bv defendant's.

Otis        Curtis  Wicker  Curtis Wickler  AIS#292252

28 U S C §1746

PLAINTIFFS FIRST INTERROGATORIES TO WITNESS   Leanna McDonald
          408 Ford street Muscle Shoals Al.35661

     Pursuant to Rule 26 and Rule 33 of the Federal Rules ofCivil
Procedure Plaintiff requests that Witness Leanne McDonald evidence
for the court anwer the following interrogatories in the action of
William Oneal Campbell V. Frank Wiliams,et al,Jail Administer Mike,
Jail Admisistrator Marcus,Sheriff Frank Williams.,Nurse Doris,Nurse
Brandy,and Dr. Bates at the Colbert County Jail 107WEst 4th Street,Tusumbia,Al
35674; On Sept.20 and 23,2019 ,the United Sattes Postal Service returned
undeliverable the copies of the order mailed to Nurse
                                                    Brandy,Nurse
Doris, and Dr.Bates, with the notation."Return to Sender -Refused."
(Doc.19-21). U.S.Magistrate Judge Stacu G. Cornelius Done this 9th
day of ecember,2019 "Orders in Case No.3:19-cv-00354-LSC-SGC UNITED
STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF ALABAMA NORTHWESTERN
DIVISION :Orders the plaintiff William Oneal Campbell to supply the
court with the complete names of these defendants,together with their
current addresses,within thirtby (30) days from the entry date of
tniws order.Failure to do so may result in dismissal of these defendants
from this action.

     Copies of the order mailed to Jail Admistrator Mike,Jail
Administrator Marcus,and Sheriff Frank Williams were not returned
as undeliverable.The Oder directed these defendants to submit a waiver
of service within 40 days of the entry date of the order and to file
a special report within 60 days of that date.(Doc.18). Jail Administrator
Mike,Jail Administrator Marcus. and Sheriff Frank Williams nave bot
submitted waivewrs of service or filed special reports within the
time prescibed.The Undersigned ORDERS these defendants to submit waivers
of service within ten )10) days from the entry date of this order
and to file special reports or otnerwise repond tot he plaintiff's
allegations within twenty-one (21) days from the entry date of thia
order.

Pursuant to Rule 26 and 33 Federal Rules....  .... ....

Competent to make Statement, I ROnnie Barnett purusnat to 28
U S C § 1746 make the following statement hereto;Case Nò 3:19-
cv-00354-LSC-SGC

I Ronnie Barnett was incarcerated with William Oneal Campbell
at Tuscumbia City Jail for several months. While I was there,thev,jail
official's, medical provider's did not give him his proper medications.
His sugar was over 300 everytime he took it,they told him to deal
with it,and also took him off his medications for his sugar Med-
iphormine.I was in the cell with him and the women inmates would .
flush the toilets and the waste water,raw sewage would flood the
cell.

I state that we put in grievence to and told Heganboff and
Chief Settiff and theyordered, Deal with it.He told the Jailor
and he said 'tell us to deal with it.

I will testify on Plaintiff William Oneal Campbells behald
for evidence to be considered that is contrary to Defendants Speaial
Report of Jail efendants.

Four [4] months we used our own towel to try to stop,keep
the Human waste water out. We do have pitchers of these incident's,
thereto, they also treated William Oneal Campbell different than
the other prisoners there.

RonnieBarnett: *Ronald Barnett #168660*

LimestoneC orrectional Facilitv
28779 NickD avis Road
Harvest Al., 35749
Date:_____

Campbell:28 U.S.C.§ 1746 :

§14-6-103 Size,etc.of jails,etc

Each county jail or town or city prison must be of sufficient
size and strength to contain and keep securely the prisoners
confined therein and must contain separate apartments
for men and for woman It shall be fireproof properly
ventilated suifficiently ligated by day and night,adequately
heated and contain adequate sanitary plumbing and sewerage
Nicholson v. Choctaw County, 498 F Supp. 295 (S.D Ala 1980):

*[handwritten]* ... The women would flush
It would run on us piss or waste we told them
They said deal with it.

what was the specific conditions of your jail. *[handwritten]* The Jail smelled
we ask over over again to fix it. The health
Dept would come in an we tell them about it
nothing would be done he would say I'll right it a
fix it never fixed finally one day I bet the Toilet
Chub ricks and he let me go back in the chase
and fix it the toilet water was coming on our side.
The Jailer was bring drugs and cell phones in

§ 14-6-98 Monthly report to Board of Corrections  The
sheriff of each county in this state and the chief of police
or town marshall shall mail to the Board of Corrections,not
later than the tenth day of each month,a full and complete
statement for the previous month of the number of prisoners in
jail o rin the town or city prison,designating them by race and
sex,stating their physical condition as to health,the number of
times and dates the jail or prison has been visited by the county
health officer and by the city health officer and such other detailed
informqatjopn as may be required by rthe board
for this,purpose necessary blanks shall be furnished by the board

§14-6-95 Jails,etc.,to be kept clean,etc. The sheriff,chief of
police,ktown marshal or,other keepers of jails or prisons or the
keeper or manager of the almshouse shall keep their respective
jails prisons and almshouses in a clean and sanitary condietion,shall
use every means and effiort to prevent spitting on the floors and
the walls of the jails,prisons and almshouses and shall exercise,
every precaution to prevent ther spread of disease among inmates,
Choctaw County 498 F Supp 295 (S.D Ala.1980). *[handwritten]* They did not do these
such MCArtn they knew the toilet ...

WILLIAM ONEAL CAMPBELL AIS #:277831 For cause plaintiff's First

INTERROGATORIES TO DEFENDANT COLBERT COUNTY ALABAMA

Pursunt to Rule 25 and 33 of the Federal Rules of Civil Procedure.Plaintiff
William Oneal Campbell requests that defendqant Colbert County
Alabama and the County Commission answer the following interrogatories:

1.       Please describe in as much detail the training required
of Police department officer's for City of Tuscumbia Alabama
training received,City Policy,Custom,Procedure.Practice that
governs detectives,Police Officers,Police Department officials
reports of arrests,suspects,County,City Jail processing.booking's
proceeding Dec.1st 2019 into the present time of this request
?.

2: Please identify all officials for formubating.responsible
for implementing and monitoring compliance with the policies,procedures,and
practices in your response to interrogatory #1 ?

3:       Please describe in as much detail as possible every
policy,procedure,practice,arrest statustic,statistics and miunicipaility,
municipalities failure to train the officer's allegations made
?.B*EE.